[No. 5594.　Decided April 6, 1905.]

*In the Matter of the Application of* ROBERT GILLIS *for a Writ of Habeas Corpus.*

ROBERT GILLIS, *Appellant,* v. GEORGE A. LEEKLEY, *Respondent.*[1]

EXTRADITION—IDENTITY—QUESTION HOW RAISED—HABEAS CORPUS—PLEADINGS. Upon habeas corpus to release a fugitive from justice held under a rendition warrant, the objection that the identity of the prisoner was not established cannot be urged where the pleadings did not put the identity in issue, but merely averred that he was not guilty.

SAME—RENDITION WARRANT—PRIMA FACIE EVIDENCE OF NECESSARY FACTS. Upon habeas corpus a rendition warrant in due form is prima facie evidence of every fact which the executive must determine.

[1]Reported in 80 Pac. 300.

EXTRADITION—GROUNDS OF DEMAND—GOVERNOR'S INVESTIGATION—
PROSECUTING OFFICER.  Upon an application for the extradition
of a fugitive from justice, the governor is not required by
Pierce's Code, § 2035, to require the prosecuting officer to investi-
gate the grounds of the demand, since the governor, acting under
the federal laws, may investigate the grounds of the demand
through such agency as he chooses.

SAME—DEMAND BY GOVERNOR OF ALASKA.  The governor may
extradite a fugitive from justice on the demand of the governor
of Alaska, under the provisions of § 393 of the Alaska Criminal
Code, authorizing the governor of Alaska to make demand there-
for, and under Pierce's Code, § 2035, providing therefor where a
demand is made in any case authorized by the laws of the United
States.

Appeal from a judgment of the superior court for King
county, Hatch, J., entered December 15, 1904, after a
hearing in habeas corpus, remanding to custody a prisoner
extradited to Alaska.  Affirmed.

*Robert Welch* and *Gaffney & Berg* (*T. W. Gaffney,* of
counsel), for appellant.

*Jesse A. Frye* and *Alfred E. Gardner,* for respondent.

RUDKIN, J.—This is an appeal from an order quashing
a writ of habeas corpus, and remanding the prisoner.  It
appears from the writ and the return thereto that the
appellant is held under a rendition warrant, issued by the
governor of this state, upon the demand of the acting gov-
ernor of the district of Alaska, and that the respondent is
the agent designated in the rendition warrant to transfer
the appellant to the district of Alaska for trial.

The first point urged on the appeal is that the respond-
ent failed to establish the identity of the appellant as the
person accused of crime, and named in the rendition war-
rant.  This position is untenable for two reasons; first,
because the identity of the appellant as the person named
in the warrant was not put in issue by the pleadings.  The

petition for the writ simply averred that the petitioner was not guilty of the offense charged. With this question, the courts of this state have no concern. The petition utterly failed to allege that the appellant was not the person charged with the commission of the offense, and named in the extradition warrant. Second, the warrant is prima facie evidence of the existence of every fact which the executive must determine before issuing the warrant. The warrant in this case is in due form, and is, therefore, prima facie evidence that a proper demand was made upon the executive of this state, that the appellant is the person charged with the commission of crime, and that he is a fugitive from justice. The burden of proof was upon the appellant to disprove these facts, or to overthrow the presumption which arose from the production of the warrant itself. This he failed to do.

The second objection urged is that the executive of this state did not require the prosecuting attorney, or other prosecuting officer, to investigate the grounds of the demand, before issuing the rendition warrant, as required by Pierce's Code, § 2035. This position is equally untenable. The governor of a state in extradition matters acts under the authority of the constitution and laws of the United States. The act of our legislature referred to simply imposes duties upon prosecuting officers, and not upon the executive. The executive may investigate the grounds of the demand in such manner, and through such agency, as he chooses, and no court can control his action, so long as he acts within the pale of the law.

The third objection urged is that the governor of this state is not authorized by any law of the United States, or of this state, to surrender a fugitive from justice upon the demand of the governor of the district of Alaska. This contention is based on the ground that § 5278, of the

U. S. Revised Statutes, which provides that "whenever the executive authority of any state or territory demands any person as a fugitive from justice, of the executive authority of any state or territory to which such person has fled," etc., does not extend to or include the district of Alaska. It has been held that the district of Columbia and the Cherokee Nation are not territories, within the purview of the above statute, and if there was no other act upon the sub-·ject, there would be great force in the appellant's argument. His contention that § 5278, *supra*, does not apply to the district of Alaska, is further fortified by the fact that Congress has made special provision for demands of this kind when made by the executive authorities of that district. But section 393 of the act of March 3, 1899, entitled, "An act to define and punish crimes in the district of Alaska, and to provide a code of criminal procedure for said district," (30 Stat. 1328) provides as follows:

"That whenever a person charged with treason or other felony, in said district, shall flee from justice, the governor of the said district may appoint an agent to demand such fugitive of the executive authority of any state or territory of the United States in which he may be found."

Express authority is, therefore, conferred upon the governor of the district of Alaska to demand fugitives from justice of the executive authority of the state of Washington; and from the power to demand, we think the duty to honor the demand, and the power to issue a rendition warrant for the return of the fugitive, are necessarily implied. The power of Congress to extend the extradition laws to all places within the territorial jurisdiction of the United States cannot be denied. Furthermore, Pierce's Code, § 2035, *supra,* provides that, "When a demand shall be made upon the governor of this state by the executive of any state or territory *in any case authorized by th*a

*constitution and laws of the United States,* for the delivery over of any person charged in such state or territory with treason, felony, or any other crime, . . . and if the governor be satisfied that such demand is conformable to law and ought to be complied with, he shall issue his warrant," etc. While this section only mentions the executives of states and territories, we have no doubt that it was intended to, and by proper construction does, apply in every case where a demand is made upon the executive *in conformity to the constitution and laws of the United States.*

There is no error in the record, and the judgment is affirmed. Let the remittitur issue forthwith.

MOUNT, C. J., FULLERTON, HADLEY, ROOT, DUNBAR, and CROW, JJ., concur.