# CONSUMERS FILLING STATION COMPANY, A CORPORATION,

*Plaintiff and Respondent*

vs.

# GUIDO DURANTE,

*Defendant and Appellant*

(No. 2814; December 16th, 1958; 333 Pac. (2d) 691)

238 

For the defendant and appellant the cause was submitted upon the brief of Lathrop and Lathrop, James A. Tilker and Byron Hirst, all of Cheyenne, Wyoming, and oral argument by Mr. Tilker and Mr. Hirst.

For the plaintiff and respondent the cause was submitted upon the brief of Greenwood, Ferrall and Bloomfield of Cheyenne, Wyoming, and oral argument by James A. Greenwood.

Heard before Blume, C. J. and Harnsberger, J., and Spangler, D. J.

244

## OPINION

District Judge SPANGLER delivered the opinion of the court.

Throughout this opinion the plaintiff and respondent will be referred to as "Consumers", and the defendant and appellant will be referred to as "Durante".

This case is before the court upon an appeal by Durante, from the judgment of the court in favor of Consumers and against Durante, in the sum of $5,848 with interest thereon at 7% per annum from the date of the judgment until paid, together with Consumers' costs incurred in the action in the sum of $95.70. The

action was commenced by Consumers against Durante to recover damages for alleged malicious prosecution in the bringing of three actions of forcible entry and detainer and one action of ejectment. In 1945 Durante as lessor and Consumers as lessee entered into a written lease agreement for the leasing of certain business premises in Cheyenne, Wyoming, for a monthly rental of $200, payable in advance on the first day of each month. The lease provided among other things that:

"Permission is hereby given to the Lessee to remodel or make alterations of premises and building, either inside or outside, during the term hereof at its own expense, but shall first obtain the written approval of the Lessor to any material changes.

\* \* \* \*

"In the event of failure of the Lessee to pay the rental herein provided for, or to keep and observe the other conditions of this Lease or any of them, Lessor shall be entitled to his option to declare this Lease terminated and to recover possession of the leased premises with or without legal process."

Consumers paid the rental of $200 a month until 1948, when pursuant to the request of Durante they paid $250 per month during the year 1948. In December of 1948, Durante requested an additional $50 per month, but Consumers decided to "go back to the original lease of $200 per month rent". On February 5, 1949, Durante consulted his attorney, Byron Hirst of Cheyenne, Wyoming, with reference to Consumers' failure to pay the February rent on time, that is, on February 1st. Durante showed Hirst the lease and told him that this was not the first time that Consumers had been late in paying the rent. Hirst advised Durante that he had a cause of action for non-payment of the rent, and Durante told Hirst to proceed and do what he thought should be done. On February

5, 1949, Hirst prepared and served on Consumers a notice to quit; and on the same day Consumers delivered to Durante's bank a check for the $200 rent payment for the month of February, which check was accepted by the bank and deposited to the credit of Durante's account, as had been the custom in the past. On February 8, 1949, the bank returned to Consumers the $200 rent payment, pursuant to instructions from Hirst. Later, in March 1949, Hirst filed an action of forcible entry and detainer in the court of Justice of the Peace Briggs. Upon a hearing, judgment was entered for Durante, and Consumers appealed to the district court. The district court reversed the judgment in September 1950 and no appeal was taken therefrom.

In February of 1950, a notice of intention to file lien, on the leased premises, was served on Durante by one who had done work upon the premises at the request of Consumers, and Durante delivered the notice to Hirst. In April of 1950, Durante was advised by his attorney to make an examination of the premises, and discussion was had between Durante and his attorney as to the lien notice and relative to certain changes that had been made in the premises. On May 1, 1950, after a notice to quit had been served, an action was commenced by Durante against Consumers in the court of Justice of the Peace Briggs for forcible entry and detainer, on the grounds of changes in the building contrary to the provisions of the lease. The matter was heard before Justice of the Peace Briggs and judgment was entered in favor of Durante on May 18, 1950. Consumers appealed to the district court, and in 1952 the district court reversed said judgment and entered judgment in favor of Consumers.

In May of 1950, Consumers brought an action in the district court against Justice of the Peace Briggs and

Durante, requesting that they be prohibited from further proceeding under the May 1950 action. In February 1951, the district court denied Consumers' petition for a writ of prohibition.

On September 7, 1951, Durante again contacted Hirst regarding the September rent, which had not at that time been paid. Hirst advised Durante that another notice to quit should be served, as a prerequisite to bringing another forcible entry and detainer action, and that an action of ejectment should also be commenced in the district court. Hirst also advised Durante that changes made by Consumers in the premises were substantial and material changes. The ejectment action was commenced in the district court on September 7, 1951, on the grounds of material alteration and nonpayment of rent. The forcible entry and detainer action was commenced on September 13, 1951, before Justice of the Peace Briggs, and the case was then assigned to Justice of the Peace Lyons. On October 9, 1951, Justice of the Peace Lyons entered a judgment in favor of Durante and an appeal was taken therefrom by Consumers to the district court. In 1952, the district court reversed the judgment and entered judgment in favor of Consumers.

In March of 1952, the appeal of the second and third forcible entry and detainer actions and the ejectment action, being consolidated for trial, was heard in the district court, and on July 21, 1952, a judgment was entered reversing said justice court judgments, and in favor of Consumers on the ejectment action. Durante appealed from this judgment. This supreme court entered its mandate of affirmance on June 22, 1953, in the case of Durante v. Consumers Filling Station Co. of Cheyenne, 71 Wyo. 271, 257 P.2d 347.

On May 5, 1954, Consumers commenced this action in the district court, alleging malicious prosecution by reason of said actions, and claiming damages resulting therefrom, and issue was joined thereon. Upon trial of the case before a jury, a verdict was returned and judgment entered thereon as aforesaid.

This court will not attempt to discuss or decide all of the questions that have been raised upon appeal, or to discuss in detail the evidence as adduced at the trial. It is only necessary to pass upon one question, namely that of "probable cause" in arriving at a decision in this case. The evidence is so long, and the record is so voluminous, that it would be impossible to include any substantial part in this opinion, as it took some nine days to try this case in district court, and the record consists of hundreds of pages contained in four volumes.

It is the opinion of the court that the vital point in controversy, as a matter of law, is: Did Durante initiate the forcible entry and detainer actions in the justice court and the ejectment action in district court without probable cause?

In general, the same elements must be present to authorize the maintenance of an action for maliciously instituting a civil suit as for maliciously prosecuting a criminal proceeding, and in either case the following elements must be shown:

(1) The institution or continuation of original judicial proceedings, either criminal or civil;

(2) Such proceedings having been by or at the instance of the defendant (such as Durante in this case);

(3) The termination of such proceedings in favor of the plaintiff (such as Consumers in this case) ;

(4) Malice in instituting the proceedings;

(5) Want of probable cause; and

(6) The suffering of injury or damage as a result of the action complained of.

If any one of these elements is lacking, the result is fatal to the action. 34 Am. Jur. Malicious Prosecution § 6, and 54 C.J.S. Malicious Prosecution § 4.

In 34 Am.Jur. Malicious Prosecution § 5, the judicial attitude of the courts toward this type of action is stated as follows:

"It is frequently said that the action for malicious prosecution is not favored in law. Hence, as has been frequently pointed out, the action has been hedged about by limitations more stringent than those in the case of almost any other act causing damage to another, and the courts have allowed recovery only when the requirements limiting it have been fully complied with.* * *"

The reason for this attitude as stated in many cases, which can be found in the footnotes contained in the citations given above, is that public policy requires that all persons shall freely resort to the courts for redress of wrongs, and the law protects them when they act in good faith and upon reasonable grounds in commencing either a civil or criminal prosecution.

In some recent American decisions recovery has even been denied in malicious prosecution actions based upon civil suits where the plaintiffs in the malicious prosecution action were unable to show special

injuries or damages, even though the civil action had been instituted with malice and without probable cause.

In the case of Peckham v. Union Finance Co., 60 App.D.C. 104, 48 F.2d 1016, 1017, the court in denying recovery said:

"In our opinion the greater weight of authority in this country and the better reasoning support the view that no action will lie for the recovery of damages sustained by the prosecution of a civil action with malice, and without probable cause, when there has been no arrest of the person or seizure of the property of the defendant, and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action.* * *"

To the same effect is the holding in the case of Johnson v. Walker-Smith Co., 47 N.M. 310, 142 P.2d 546. And, likewise, in the case of Aalfs v. Aalfs, 246 Iowa 158, 66 N.W.2d 121. In the Iowa case, the court defines "special injury" in headnote three as follows:

"Alleged damage, as result of action for rescission of a contract of sale of an interest in a business, consisting of impaired credit, impaired saleability of the property, a temporarily clouded title, damaged reputation, humiliation and expenses incurred in defense of the action, did not constitute 'special injury' sufficient to entitle the successful defendant in the rescission action to subsequently maintain, against the unsuccessful plaintiff, an action for malicious prosecution of a civil action."

Numerous cases discussing both sides of this question (it is pointed out that there is a conflict of authority in the United States) are found in the case of Myhre v. Hessey, 242 Wis. 638, 9 N.W.2d 106, 150 A. L.R. 889, and in Annotation, 150 A.L.R. 897.

This court is not deciding or passing upon the question of which rule or line of cases should be followed in Wyoming in malicious prosecution actions, but the above citations are given for the purpose of directing attention to the attitude of courts generally toward this type of action.

It is believed that one of the elements is lacking for a successful maintenance of this action, namely, want of probable cause.

In 54 C.J.S. Malicious Prosecution § 18, the general rule is stated as follows:

"Want of probable cause for instituting proceedings is an essential and indispensable element of an action for the malicious prosecution of either a civil or a criminal action, no matter what the result thereof; in fact, want of probable cause for the prosecution of the original proceeding by defendant has been described as the gist of the action. The very foundation of the action is that the previous legal proceeding was resorted to or was pursued causelessly.

"Where it appears that there was probable cause to institute the original proceeding, such fact constitutes a complete and absolute defense or bar to an action of malicious prosecution, irrespective of the motive in instituting the prosecution, or of a conspiracy.* * *"

And in § 19 of the same work:

"Malice and want of probable cause are not synonymous, and, in order to make out a cause of action in malicious prosecution, malice and want of probable cause must concur. Without malice, want of probable cause is wholly insufficient, whether the original proceedings were civil or criminal. On the other hand, it is not sufficient to show merely that the action was maliciously prosecuted; it must also appear that the action was commenced or continued without probable cause, since malice alone, however great, is insufficient.

"As discussed supra § 18, where it appears that there was probable cause to institute the original proceeding, such fact constitutes a complete defense to an action of malicious prosecution; and this is true irrespective of the malice of the person bringing the original proceeding, and even though such malice is express. Want of probable cause cannot be inferred from malice, however great such malice may be, even 'the most express malice.' However, as discussed infra § 43, malice may be implied or inferred as a fact. from want of probable cause; and there may be facts and circumstances which do not amount to probable cause, but which, being evidence of want of malice, may justify the discharge of defendant on the ground that there was an entire absence of malice."

To the same effect is a general statement of the law in 34 Am.Jur. Malicious Prosecution §§ 46 and 47.

Applying these general rules of law to the evidence in this case: Did Durante have probable cause in the commencement and continuation of the three forcible entry and detainer actions and the ejectment action? We think he did.

This court has had occasion in five previous cases to pass upon malicious prosecution actions. They are as follows: Boyer v. Bugher, 19 Wyo. 463, 120 P. 171; McIntosh v. Wales, 21 Wyo. 397, 134 P. 274, Ann.Cas. 1916C, 273; Huber v. Thomas, 45 Wyo. 440, 19 P.2d 1042; Henning v. Miller, 44 Wyo. 114, 8 P.2d 825, 14 P.2d 437; Penton v. Canning, 57 Wyo. 390, 118 P. 2d 1002, 138 A.L.R. 300 with Annotation beginning at p. 315.

As stated in 54 C.J.S. Malicious Prosecution § 20, the test is not what the actual facts were, but what the party prosecuting honestly and reasonably believed them to be. If Durante had probable cause, then malice or motive is immaterial.

Under the terms of the lease, Consumers was to pay the rent on the first day of the month. It was not paid on February 1, 1949, nor was it paid on September 1, 1951. There was a conflict in the evidence as to whether the alterations or changes made in the building by Consumers were material or not. Both Durante and his attorney, Hirst, had a copy of the notice of intention to file lien, dated February 2, 1950. Attached to this notice was a list of materials and labor alleged to have been furnished and done by the lien claimant on the building in question. On the basis of what information he had, Hirst advised his client, Durante, that the changes were material and suit was commenced.

Justice of the Peace Briggs in two of the cases and Justice of the Peace Lyons in a third case decided in favor of Durante.

It is believed that we must consider Durante's attorney and the two justices of the peace as reasonable or ordinarily prudent men. They thought Durante had a cause of action in each of the three cases. Hirst so advised Durante, and the justices of the peace rendered judgments in his favor.

Advice of counsel is a defense to a malicous prosecution action, if the action was commenced in reliance and good faith on such advice, after a full and fair statement of all material facts, within defendant's knowledge, to his attorney. It is immaterial that the attorney's advice was unsound or erroneous. See 34 Am.Jur. Malicious Prosecution § 71; 54 C.J.S. Malicious Prosecution §§ 45-53; and Boyer v. Bugher, supra.

Consumers argue that Durante did not make a full and fair statement of all the material facts, within his

knowledge, to his attorney. The record does not sustain Consumers' position in this regard. And, in the absence of anything in the record to the contrary, we must assume that Hirst was a reasonable man and an attorney in good standing, and that in good faith he advised Durante he had a cause of action, even though the district court, and later this court, held that such advice was erroneous.

According to the great weight of authority, a judgment or decree in prior civil proceedings adverse to the instant plaintiff in malicious prosecution establishes or conclusively shows the existence of probable cause for bringing the former action, even though the judgment or decree was subsequently reversed or set aside, or was erroneous, or its enforcement was permanently enjoined, unless the judgment or decree was obtained by fraud, perjury, or other improper means, or was void, or was granted by a court without jurisdiction, or under circumstances not affording the malicious prosecution plaintiff an opportunity to contravert the facts, or upon a cause of action or facts not believed by the former plaintiff himself.

Some courts take the view that the prior judgment or decree against the malicious prosecution plaintiff is only prima facie evidence of probable cause and may be rebutted by any competent evidence which clearly overcomes the presumption arising from the prior judgment or decree.

The majority rule that the former judgment or decree establishes or conclusively shows probable cause unless the judgment or decree was obtained by fraud, perjury, or other improper means has been held to apply to civil actions generally; equitable suits; ejectment, eviction, or unlawful detainer actions; man-

damus proceedings; final injunctions; contempt proceedings; distress warrants; and certain miscellaneous actions. See Annotation, 58 A.L.R.2d 1422, for the cases supporting the summary or general statement of the law as given above and the case of Goldstein v. Sabella, Fla., 88 So.2d 910, 58 A.L.R.2d 1418.

Consumers alleged that the justice of the peace judgments in favor of Durante were obtained without a trial, by perjury, undue influence, and other improper means. These allegations were never proven by competent evidence. We must also recognize that with respect to the May 1950 forcible entry and detainer action the district court denied Consumers' petition for a writ of prohibition.

In a recent well-considered case of Masterson v. Pig'n Whistle Corporation, Cal.App., 326 P.2d 918, 926, 927, the court discussed at some length the element of probable cause, saying: "Probable cause is synonymous with reasonable cause. One who commences a civil suit acts upon probable cause if he has an honest belief, founded upon facts sufficiently strong to justify his belief, that grounds exist for the proceeding." The court then proceeded to discuss the rules relating to the determination of probable cause and stated them to be as follows:

"The rules relating to the determination of probable cause are well stated in the leading case of Ball v. Rawles, 93 Cal. 222, at page 227, 28 P. 937: 'In order to maintain an action for malicious prosecution, the plaintiff must establish malice on the part of the defendant, and also a want of probable cause. Malice is always a question of fact for the jury; but whether the defendant had or had not probable cause for instituting the prosecution is always a matter of law, to be determined by the court. If the facts upon which the defendant acted are undisputed the court, accord-

ing as it shall be the opinion that they constituted probable cause or not, either will order a nonsuit (or direct a verdict for the defendant) or it will submit the other issues to the jury; but, whether admitted or disputed, the question is still one of law, to be determined by the court from the facts established in the case. If the facts are controverted they must be passed upon by the jury before the court can determine the issue of probable cause, but the question of probable cause can never be left to the determination of the jury.' Thus, if there is no dispute concerning the existence of the facts relied on to establish want of probable cause, the court must then determine as a matter of law whether such facts warrant an inference of want of probable cause, but where the evidence bearing on the question of probable cause is in conflict, it is for the jury to determine whether facts exist which warrant or reject an inference of probable cause. Torney v. Peterson, 109 Cal.App. 560, 565, 293 P. 653; Singleton v. Singleton, 68 Cal.App.2d 681, 691, 157 P.2d 886; Siffert v. McDowell, 103 Cal.App. 2d 373, 377, 229 P.2d 388; Bernstein v. Maimes, 126 Cal.App. 2d 468, 477, 272 P.2d 529."

The Wyoming case of Henning v. Miller, supra, states the rules relating to the determination of probable cause to be substantially the same as those of the California court.

It is believed that the rule as established by the case of Penton v. Canning, supra, is controlling as to the decision in the instant case; as the court indicated therein, a judgment of a justice of the peace is prima facie evidence of probable cause, to be rebutted by competent evidence attacking the validity of the judgment.

Consumers never did prove by competent evidence that the judgments in the justice of the peace courts were obtained by fraud or other improper means on the part of Durante or his attorney. We must assume,

in the absence of proof to the contrary, that the justices of the peace were reasonable men and that they acted as such, in good faith, in entering the judgments in favor of Durante. Never did Consumers overthrow the prima facie case that there was probable cause by reason of the justice of the peace judgments in favor of Durante. The fact that some of them were later reversed by the district court is immaterial, as hereinbefore pointed out.

In the case of Henning v. Miller, supra, at 8 P.2d 833, the court in the conclusion of its opinion said:

"Our conclusion, then, is that in a malicious prosecution case the question of the belief of defendant should be confined to the facts upon which he appears to have relied in instituting the prosecution or action, and then should be left to the jury only in case such belief is found by the court from all the evidence to be doubtful; that, where it is doubtful whether defendant believed the facts to be true on which he claims to have relied, evidence of threats made by defendant against plaintiff antedating the institution of the action complained of may be considered by the jury in determining that question; but, when in a malicious prosecution action it appears to the court from a consideration of all the facts—both those that are not disputed and the findings of the jury on disputed facts—that at the time defendant instituted criminal proceedings against plaintiff the facts known and believed by him, together with those he would in all probability have discovered by reasonable inquiry, were all such that the court is convinced that an ordinarily prudent and cautious man, knowing and believing them, would strongly suspect or believe the party accused to be guilty, then there was probable cause, and the court should end the trial at that point."

In the instant case the court propounded to the jury some twenty-two interrogatories and findings of fact to be answered by the jury. It is admitted that some

of the answers given by the jury are in conflict with other answers, and certainly some of them are contrary to their verdict, but it is significant to note questions 20, 21 and 22 and the answers thereto which are as follows:

"No. 20. Did Durante institute all of the four actions complained of herein by Consumers with an honest and reasonable belief that he was entitled to the relief he requested in those actions?

"Yes __X__

"No _____

"No. 21. Did Durante honestly and reasonably believe on May 1, 1950 and September 7, 1951, that Consumers had made alterations of the building that would entitle him to declare the lease terminated and bring the actions brought to evict or eject Consumers?

"Yes __X__

"No _____

"No. 22. Did Durante honestly and reasonably believe on March 5, 1949, September 7, 1951, and September 13, 1951, that Consumers failure to pay the rent due under their lease on the first day of the month entitled him to institute and maintain the actions then commenced to recover the premises?

"Yes __X__

"No _____".

It is believed that these answers are opposed and contradictory to the verdict of the jury, and constitute reversible error, because if the jury believed from the evidence that Durante had an honest and reasonable belief that he was entitled to institute and maintain

the actions in question, then under the law to be determined by the court, Durante had a full and complete defense to this malicious prosecution action.

In the case at bar probable cause was shown, and the trial court could have directed a verdict in favor of Durante. However, we must assume that if the trial court believed the facts were in dispute as to whether or not Durante had probable cause in commencing the actions then it was proper for the court to leave it to the jury, which was done, to determine the truth. And, the jury found in favor of Durante by its answers to interrogatories numbered 20, 21 and 22. By reason of said answers being inconsistent with the verdict of the jury, the trial court should have sustained Durante's motion for judgment notwithstanding the verdict.

We believe this to be consistent with and a requirement of §§ 3-2419 and 3-2420, W.C.S. 1945, and particularly the latter statute, which provides as follows, to wit:

"When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly."

Counsel for Consumers have strenuously argued that Durante could not have had probable cause because he brought the forcible entry and detainer actions and the ejectment action for the purpose of getting more rent from Consumers. It must be conceded that Durante's motive or purpose was to secure more rent because he so testified. However, it is necessary not to confuse but to keep constantly separated the questions of malice and probable cause. For the purposes of this case it will be admitted that Durante's motive or purpose in getting more rent was an im-

proper purpose or a wrong motive. But such does not deprive him of his defense to this malicious prosecution action. In the case of Boyer v. Bugher, supra, at 120 P. 176, the court, in stating the general rule of law on this very question, said:

"* * * * The concurrence of a want of probable cause and malice is essential. Legal malice is shown when it appears that the prosecution was instituted from any improper or wrong motive; and it may be inferred from the want of probable cause, though that inference is not a necessary one. The want of probable cause cannot, however, be inferred from any degree of malice. When, therefore, the existence of probable cause is established, the defendant is entitled to judgment."

This statement of the law was affirmed in the case of Henning v. Miller, supra, and in this case even though the plaintiff was acquitted on the criminal charge brought against her by the defendant, and even though the jury found from the evidence that the defendant, in the institution of the criminal action, was actuated by malice, the court at 8 P.2d 829 said:

"* * * the defendant is protected if he had probable cause; for the law is too well established to admit of doubt that, in order to maintain an action for malicious prosecution, the plaintiff must establish at the trial a concurrence of malicious motive and want of probable cause on the part of defendant at the time the complaint of action was instituted.* * *"

The motive or purpose of Durante must be considered as an element of his malicious intent and not as bearing on the question of probable cause.

This court does not agree with the theory of counsel for Consumers that Durante's purpose, being to obtain more rent, is a matter to be considered on the question of probable cause. Durante was requesting eviction

of Consumers from the leased premises, and even though his purpose was to get more rent we cannot say that such established want of probable cause in the institution and continuation of the civil actions in question. But rather we must say that if Durante believed, under the rules of law as stated in this opinion, that there was just cause to evict Consumers for failing to comply with the terms of the lease agreement, such as in the nonpayment of rentals on the first day of the month or in the matter of alterations to the building, then his purpose in obtaining more rental moneys would not make him liable in a malicious prosecution action. In other words, if Durante had probable cause, and we find that he did, then his purpose being to secure additional rentals was immaterial.

It is believed that instruction 1 as given to the jury was confusing; that instructions 18 and 19 are in opposition to each other and contradictory; and that these matters alone constitute reversible error for which a new trial would have to be granted except for the decision of this court.

This court does not pass upon the other questions and points raised by this appeal by reason of the disposition being made herein.

The court finds, as a matter of law, that Durante had probable cause in instituting the various actions. Therefore, the verdict of the jury is set aside, the judgment of the trial court is reversed, judgment is directed to be entered in favor of Durante, Consumers will take nothing by reason of its actions, and it is so ordered.

Reversed and judgment directed to be entered in favor of the defendant.