375 P.2d 767

Willie Olen SCOTT, Plaintiff and Appellant,

v.

George BECKSTEAD, Sheriff of Salt Lake County, State of Utah, Defendant and Respondent.

No. 9575.

Supreme Court of Utah.

Nov. 9, 1962.

Mitsunaga & Ross, Salt Lake City, for appellant.

Grover A. Giles, County Atty., Warren M. Weggeland, Asst. County Atty., Salt Lake City, for respondent.

WADE, Chief Justice.

The plaintiff, petitioner Willie Olen Scott, appeals from the trial court's refusal to discharge him from the custody of the defendant, respondent George Beckstead, Sheriff of Salt Lake County.

On July 26, 1961, the Utah State Prison authorities notified the Sheriff of Shelby County, Tennessee, that "Oliver Townsend and Willie O. Scott," inmates of the prison, against whom Tennessee had placed a "hold" in 1956, had been ordered released on September 12, 1961, and that both prisoners had refused to waive extradition. Later Townsend did waive extradition and Tennessee perfected extradition papers against Scott. Utah's Governor issued a warrant for Scott's arrest and extradition, and he was released from prison in due course to Sheriff Beckstead's custody. Scott filed a petition for his release under a writ of habeas corpus, and after a hearing on October 27, 1961, the petition for release was denied and Scott took this appeal.

At the hearing Sheriff Beckstead introduced in evidence the extradition papers from Tennessee and the Utah Governor's warrant for Scott's arrest, and rested. Plaintiff then testified that his name is Willie Olen Scott; that he has never been

known as William O. Scott; that he was not in Tennessee on December 2, 1955, and did not commit the armed robbery charged. On cross-examination he admitted he had been in Tennessee with Oliver Townsend but not on the occasion of this robbery. He further testified that his birth certificate, army papers and all other records of his name, as far as he knows, show Willie Olen Scott to be his true name and not William O. Scott. Plaintiff further introduced in evidence the transcript of testimony by Norman Hunter, an Oklahoma criminal bureau agent, given in Salt Lake County District Court April 11, 1956, at the trial where Scott and Townsend were convicted and sentenced to the Utah State Prison, claiming that this testimony clearly showed plaintiff was in Oklahoma and not in Tennessee when the armed robbery in Tennessee is alleged to have occurred.

Two questions are presented: 1) Does the evidence reasonably support a finding that plaintiff is the person charged with armed robbery in Tennessee? 2) Does the evidence reasonably support a finding that plaintiff is a fugitive from justice from Tennessee?

1) The evidence reasonably supports a finding that plaintiff Scott is the same person charged with armed robbery in Tennessee in these indictment papers.

The warrant for extradition by the governor of the asylum state supported by duly authenticated extradition papers from the demanding state is generally recognized to be prima facie evidence to support the extradition of the person held.[1] However, on petition of the person arrested for a writ of habeas corpus the identity of the person held with the person charged may be inquired into.[2]

The doctrine of idem sonans has little bearing on this case. Although there is a difference in plaintiff's name of Willie Olen Scott and the name used in the Tennessee indictment of William O. Scott, and although there is no alias or statement in the Tennessee documents that the person charged is sometimes known as Willie Olen Scott, that name (Willie Olen Scott) is frequently used in the Tennessee authenticated papers to designate the person sought to be extradited. Thus the Tennessee state warrant for arrest charges that "Willie Olen Scott" committed armed robbery on the same date, from the same person, in the same place and the same sum of money as is charged in the indictment. This warrant directly charges "Willie Olen Scott" with the exact offense charged in the indictment. Also, the extradition papers contain a summons for four witnesses to testify in the case of "State of Tennessee v. Willie Olen Scott." Further, in the peti-

---

1. See 22 Am.Jur. 290–2, Extradition Sec. 52, 84 A.L.R. 337 to 347, Annotation.

2. See 22 Am.Jur. 258, 259, Extradition Sec. 20, and Sec. 21, 84 A.L.R. 337 to 347, Annotation.

tion for requisition to the Governor of Tennessee it is alleged that on July 26, 1961, a letter was received from the Utah State Prison advising that "William O. Scott, referred to in said letter as Willie O. Scott" is scheduled to be released September 12, 1961. A copy of the letter designating plaintiff by the name of Willie O. Scott is attached to the petition. So it is clear that when the extradition papers use the name William O. Scott, Willie Olen Scott or Willie O. Scott, the obvious intention is to designate the plaintiff and to indicate that each of those three names refers to one and the same person and is simply an alias of the others.

■ The indictment charges both plaintiff Scott and Oliver Townsend jointly with armed robbery. Admittedly, Scott has been in Tennessee with Townsend. The transcript of the Norman Hunter testimony shows that Scott and Townsend were together in Oklahoma about this time. Scott and Townsend were convicted of the same offense in Utah in 1956 and served in the Utah Prison until released in 1961. Thus, Scott is shown to be closely connected with Townsend, who is also charged with the Tennessee armed robbery. Under the foregoing circumstances there is little doubt that the plaintiff Scott is the identical person charged with armed robbery in Tennessee on December 2, 1955. However, this does not mean that the plaintiff is guilty of the armed robbery charged in the Tennessee indictment, and we are not concerned with whether he is guilty or not. Our only concern is his identity as the person who is charged with the crime. If that is so, then the court properly refused to release him under the writ of habeas corpus.[3]

■ 2) The evidence is sufficient to reasonably support a finding that plaintiff Scott is a fugitive from justice from the state of Tennessee.

Plaintiff's evidence on this question is somewhat similar to the usual proof of an alibi. He attempts to prove he was not in Tennessee and therefore could not be a fugitive from justice for a crime committed at that time, because at that time he was in Oklahoma. As previously stated, we are not here concerned with proof of an alibi for the purpose of establishing that plaintiff did not commit the offense charged.[4] However, if plaintiff was in Oklahoma at the exact time he is charged with committing armed robbery in Tennessee, he could not be a fugitive from justice in Tennessee as is claimed. In order to exonerate plaintiff from the charge of being a fugitive from justice, he must show the contrary

3. See citations in notes 1 and 2, and Ryan v. Rogers, 21 Wyo. 311, 132 P. 95; Gillis v. Leekley, 38 Wash. 156, 80 P. 300; 84 A.L.R. 337–347, Annotation.

4. See notes 1, 2 and 3 above.

by clear and convincing evidence. In order for the proof to be sufficiently strong to require us to reverse the trial court's decision, his defense must be established by such clear and convincing evidence that it would be unreasonable for the trial court to find that he is a fugitive from justice and therefore refuse to give him his release.[5] The only testimony on this subject is that of the Oklahoma criminal bureau agent, Norman Hunter. His testimony is not sufficiently clear and convincing to require a finding that plaintiff Scott was not a fugitive from justice from Tennessee since he could not have been in Tennessee at the time the offense charged was committed.

This witness testified that on December 4, 1955, two days after the date that the offense was charged in Tennessee, he first contacted plaintiff Scott and Townsend at the home of Rufe Anderson, Scott's uncle, about 15 miles southwest of Chandler, Oklahoma. He stated that "we arrested these men because they had been seen with considerable money and they would stay overnight and then be gone." He further stated that the officers had them under surveillance from about November 19 to December 4, and that much of the time the officers lost contact with them; that they saw two cars which were being used by these boys and the nearest time to December 2, 1955, when the witness saw the plaintiff was on December 4, 1955. There is nothing to indicate what time of day.

There is nothing in this testimony which shows that it would be unreasonable for the trial court to find that plaintiff was in Tennessee on December 2, 1955. He and his companions were spending lots of money; driving cars; were there one day and gone the next. The court could reasonably find that there was a clear lapse of two days between the time the crime was committed in Tennessee and the time when plaintiff was seen in Oklahoma. This lapse of time would be sufficient for plaintiff to travel from Tennessee to Oklahoma and be in that state as claimed by the witness after he had committed the crime in Tennessee. So we conclude that the evidence does not require a finding that he did not commit the robbery in Tennessee on the date charged.

The decision of the trial court is affirmed.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

5. See 25 Am.Jur. 198, Habeas Corpus Sec. 72.