402 P.2d 701

**Eugene MYERS, Plaintiff and Appellant,**

v.

**LeRoy HADLEY, Defendant and Respondent.**

**No. 10250.**

Supreme Court of Utah.

June 9, 1965.

5. See Thatcher et al., v. Industrial Comm., 115 Utah 568, 207 P.2d 178.

in the Nevada charge and because he was denied court-appointed counsel at the time he appeared before the magistrate (Ogden City Court) in answer to the charge. Both contentions are without merit.

The identity of plaintiff with the person named in the Nevada complaint was sufficiently established. The name of the person charged and that of the plaintiff were substantially the same.[1] Plaintiff, at the hearing before the district court, admitted that he had been in Las Vegas, Nevada sometime during the month of October, 1963, when the alleged crime occurred. An Ogden City police officer testified that the plaintiff had voluntarily admitted that he was the person named in the Nevada warrant, but that he could "beat the charge" because of an illegal search and seizure. This was denied by plaintiff. Mr. Phillip J. Shaw, victim of the alleged theft, testified that he had seen the plaintiff in his Las Vegas store in October, 1963. Plaintiff failed to show by clear and convincing evidence that he was not the person named in the Nevada complaint and warrant.[2]

Prior to his appearance before the Ogden City Court, plaintiff expressed his desire to be represented by counsel. That court granted a continuance to afford plaintiff time to secure counsel. He subsequently advised the court that he had been unable to hire counsel because of lack of funds and

Eugene Myers, pro se.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice:

Habeas corpus proceeding wherein plaintiff seeks his release from the custody of the Weber County Sheriff who is detaining him pursuant to an extradition request of the state of Nevada. The lower court denied plaintiff's petition for writ of habeas corpus and he appeals.

It is the position of plaintiff that the court below should have granted his petition because he is not the person named

1. Scott v. Beckstead, 13 Utah 2d 428, 375 P.2d 767 (1962).

2. Scott v. Beckstead, supra note 1; 25 Am.Jur., Habeas Corpus, § 72, p. 198.

demanded that counsel be appointed. This the court refused to do and held its hearing. At this hearing plaintiff claimed a mistake of identity. The police officer testified substantially the same as he subsequently did at the habeas corpus proceeding in the district court. The city court ordered plaintiff held for extradition to Nevada and he applied for writ of habeas corpus to the district court.

At the hearing in the district court, plaintiff was ably represented by counsel appointed by that court. The issues of identity and lack of counsel before the committing magistrate were presented and considered by the district court which found them to be without merit and denied the petition.

■ Plaintiff was not denied due process of law because he was not represented by court-appointed counsel at the hearing before the Ogden City Court.[3] The denial of counsel at that stage of the proceedings did not prejudice the plaintiff who had full opportunity to present with the aid of counsel any and all matters relating to his extradition at the hearing in the district court upon his petition for writ of habeas corpus.

Affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

3. Research has failed to disclose case authority involving the precise situation here presented. However, the hearing before the magistrate would not seem

to be a critical stage in the judicial process here involved. See State v. Jackson, Wash., 400 P.2d 774 (1965).