**James R. MILLER, Appellant**
**(Plaintiff below),**

**v.**

**James R. HEDDERMAN, Appellee**
**(Defendant below).**

**No. 3806.**

Supreme Court of Wyoming.

Feb. 5, 1970.

Bruce P. Badley, Sheridan, for appellant.

Redle, Yonkee & Redle and Rex O. Arney, Sheridan, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

## PER CURIAM.

Plaintiff brought a tort action alleging that in the early morning of October 10, 1968, defendant Hedderman operated his pickup truck some three miles south of Sheridan on Highway 87 negligently and killed plaintiff's American Morgan mare, for which loss of mare and unborn foal he claimed damages of $887. Defendant denied generally, asserted plaintiff's contributory negligence, counterclaimed for damages occasioned to his pickup, contending that plaintiff had negligently allowed the mare to stray on the highway. Thereafter defendant filed a motion to strike from the complaint an allegation concerning defendant's whereabouts in Sheridan from "9:00 P.M. until just before the accident at 1:52 A.M." and the court granted the motion.

The cause was tried without a jury; the court entered judgment finding against plaintiff on his complaint, against defendant on his counterclaim, and dismissed the action as to both parties, decreeing that each pay his own costs.

The evidence regarding the accident was sketchy. No one saw it except Hedderman, who said that just before the accident he was traveling southward in his 1965 Ford, 4-wheel drive, half-ton pickup (using the right-hand lane) at fifty miles per hour on a dry road with his headlights on. At a point just short of a bridge, south of which other evidence showed the road as curving gently to the west, defendant testified he was proceeding normally and at about the time he crossed the bridge he noted a horse in the middle of the "southbound roadway," going from his right to his left (west to east). He stated, "I immediately applied maximum brakes, I skidded, I turned to the right to try to get around the mare and I almost made it." The left corner of the vehicle's hood struck the horse in the left flank, the truck veering to the left. The

impact raised the hindquarters of the animal, and she spun around and fell on the northbound lane. Although, as mentioned, when first questioned Hedderman stated he applied maximum brakes and skidded when he saw the mare, he later explained that he first put his foot on the brake when he cleared the south edge of the bridge and went for approximately 100 feet before skidding some 65 feet—admitting that both footages were "guesses."

The patrolman who arrived upon the scene of the accident at 1:55 a. m. conceded that he had taken no measurements and no photographs of the skidmarks but without delineating distances said that these marks started "south of the bridge" in the southbound lane of the roadway and angled to the center of the road. Asked if they crossed the center he answered, "I don't recall." He stated that the posted speed limit at that point was sixty-five miles per hour.

Plaintiff has appealed, charging error in the court's (1) striking from his complaint allegations concerning defendant's whereabouts prior to the accident, (2) finding that there was a complete failure of negligence on the part of the defendant, and (3) stating that the plaintiff was not the real party in interest.[1]

At the inception it may be observed that certain matters discussed by plaintiff as constituting errors stem from oral statements of the court at the conclusion of the trial but not contained in the judgment, which confined itself solely to general findings against each of the parties and dismissals of the complaint and counterclaim. In that regard, we must bear in mind the well established rule that if under the circumstances disclosed by the record the judgment is sustainable on any theory it will not be disturbed on appeal, so that the court's remarks even if unwarranted or incorrect would not vitiate the judgment

---

1. Plaintiff urges that the court correctly determined him not to have been negligent for the escape of the mare, but since there was no appeal by the defendant, the point is not in issue.

if the court had arrived at the correct result on a sound basis.

■ Referring to the first charge of error, nothing in the brief or argument shows plaintiff to have been prejudiced by the court's striking from the complaint the allegation concerning defendant's whereabouts prior to the accident. Although he presents authorities tending to hold that evidence of a driver's drinking previous to an accident is relevant in litigation concerning motor vehicle collisions, there was no testimony at this trial regarding drinking, and no offer of such was made. Furthermore, a lack of pleading on this point would not have precluded testimony of that nature. Accordingly, we find no error in this aspect.

■ Although plaintiff charges "the district court erred in finding that there was a complete failure of negligence on the part of the defendant" and in so doing emphasizes the judge's remarks at the conclusion of the trial, the real issue in the appeal is whether or not the court was justified in finding against plaintiff on the complaint for the reason that he had failed to establish defendant's negligence. Plaintiff argues that the cause must be reversed "as a matter of law" but we cannot agree. Granting arguendo that a motorist in a given situation must use due care under the circumstances and that he will be responsible for the lack thereof which causes damage to humans, animals, or property lawfully and without fault at the scene of the accident, the question of negligence is nevertheless ordinarily one for consideration by the trier of fact in accordance with correct legal principles applicable to the occurrences in each case. We have repeatedly held that all of the circumstances surrounding an accident are to be weighed by the finder of fact—in this instance the court—in resolving whether or not a defendant is guilty of negligence. Plaintiff would seem to contend that the motorist by striking an animal on the highway at night is thereby presumptively negligent for one of several reasons, insufficient lights, defective brakes, failing to give proper attention and make proper observation, or driving at an excessive speed. Such an oversimplification does not commend itself to acceptance, especially in a situation such as the litigation before us where there are so few definite facts. It is true that on cross-examination there was a hint of insufficient lights; of improperly inspected motor vehicle; of a curve in the road, which would somewhat interfere with vision; of overlong distance between application of brakes and the skid marks; and even the whereabouts of the defendant after working hours and before the accident; but none of these were developed to the point of constituting substantial evidence. The burden of proof was on plaintiff to establish the negligence of defendant, and a review of the record fails to convince us that he met this burden.

Passing to the court's indication that there was a defect in parties since the real party in interest was plaintiff's son rather than plaintiff, we find the subject unnecessary of discussion. In view of plaintiff's failure to establish defendant's negligence, such a statement, even if erroneous, constituted no error prejudicial to plaintiff.

Affirmed.