Wayne and Evelyn WEBER, Appellants
(Plaintiffs below),

v.

JOHNSTON FUEL LINERS, INC., a Wyo-
ming Corporation, et al., Appellees
(Defendants below).

Wayne and Evelyn WEBER, Appellants
(Defendants below),

v.

JOHNSTON FUEL LINERS, INC., a Wyo-
ming Corporation, and Bard Ranch Compa-
ny, a Wyoming Corporation, Appellees
(Plaintiffs below).

Nos. 4470, 4471.

Supreme Court of Wyoming.

Oct. 3, 1975.

Jack R. Gage, Cheyenne Law Center, Cheyenne, for appellants.

William R. Jones and Raymond B. Hunkins of Jones, Jones, Vines & Hunkins, Wheatland, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK and THOMAS, JJ.

GUTHRIE, Chief Justice.

These appeals involve a judgment in one case and an order dismissing a complaint in another, which were consolidated for the purpose of appeal. Case No. 4471 involves a proceeding and judgment on the bond which had been filed to secure a temporary restraining order in a case which has heretofore been the subject of an appeal in this court, *Weber v. Johnston Fuel Liners, Inc.*, Wyo., 519 P.2d 972. Case No. 4470 involves a separate action and claim of the Webers against Johnston for mali-

cious prosecution of the first-mentioned suit wherein the bond was filed. Although they are plural, appellants and appellees will be described hereinafter by the names Weber and Johnston, or as they appeared in the lower court.

### NO. 4471

The judgment from which appeal is taken is one for $1,000 in favor of Wayne and Evelyn Weber that being the face amount of the bond filed to secure a temporary restraining order which we found to have been wrongfully issued. This proceeding was had under Rule 65.1, W.R.C.P., and was not filed as an independent action but pursuant to the mandate in the original case which commanded as follows:

"* * * that the case be remanded for a complete hearing upon the question of damages, both those claimed by Weber and those claimed by Johnston as accruing damages * * *"

which follows the words of the original opinion, 519 P.2d at 980. It is to be remembered, however, that at the time the original judgment for $1,000 on this bond was entered this court found that there was no testimony to support this award, and it was for this reason the judgment was set aside insofar as it allowed Weber this sum under the bond. In the original appeal Johnston objected because he had not been permitted to rebut the evidence of this damage item and claimed damages from Weber for acts which might have been set off against such recovery or for a judgment for such damages under the pleadings.

■ Weber now asserts that by virtue of this mandate the trial judge should have considered the question of accruing damages to Weber and that this included damages arising from a cause for malicious prosecution.[1] This was not the expressed intention of this court when it is considered in context of the facts appearing in

the earlier appeal, and the trial judge was correct in limiting Weber's recovery to $1,000, being the total penal sum of the bond. It is to be noted that in this mandate the accruing damages referred to were those claimed by Johnston and not by Weber, and in reference to Johnston's contention that he was entitled upon the pleadings to make a showing of accruing damages as appears on page 978 of the original opinion and it was at this contention that the mandate made such direction. It is to be noted in that opinion we refused to consider the question of the prematurity of Weber's damage claim on the ground of invited error but in no manner suggested the propriety of such determination in the original suit. Inasmuch as it appears that a suit for malicious prosecution is a common-law action and separate claim, and not one on the bond as mentioned before, this contention is in no manner tenable nor would it have been possible under Rule 65.1, W.R.C.P., which provides not for joinder of such actions but allows only proceedings to enforce the bond as ancillary to the principal suit. In the instant proceeding the parties stipulated that the damages "were limited to those damages arising out of the wrongful issuance of the temporary restraining order" and agreed that Weber would be able to present evidence of damages in excess of $1,000 for such wrongful issuance. Based thereon the trial court entered judgment in the sum of $1,000 from which amount this appeal is prosecuted. From an examination of the stipulation itself we might make disposal of this case because it is clear that the stipulation presented to the court the sole question of the damages arising out of the wrongful issuance of the temporary restraining order.

■ When the action or proceeding is upon the bond issued in an injunction case, the almost universal rule is that nothing in excess of the face of the bond is recoverable by way of damages, *United Mail Order,*

---

1. We cannot agree that a reasonable interpretation of that opinion contemplated damages for malicious prosecution or for an action not then filed.

*Warehouse & Retail Employees Union, Local 20 v. Montgomery Ward & Co.,* 9 Ill.2d 101, 137 N.E.2d 47, 52, certiorari denied 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546; *Strong v. Duff,* 228 Ky. 615, 15 S.W.2d 517, 521, 70 A.L.R. 56, and annotation beginning at 62; 42 Am.Jur.2d, Injunctions, § 369, pp. 1184–85. The party securing the wrongful injunction may have some liability for malicious prosecution, *Strong v. Duff,* supra, 15 S.W.2d at 521, and the injured party is said to have a common-law right in some jurisdictions.[2] That, however, was not before the trial court in No. 4471 and the judgment must be properly limited to the sum of the bond. Attention was directed in our earlier opinion to the fact that Weber at no time had attacked the sufficiency of the bond nor sought any increase, 519 P.2d at 978.

### NO. 4470

In this case Weber prosecutes an appeal from an order of another trial judge in the same district, sustaining a motion to dismiss a separate action which he filed for malicious prosecution based upon the action in which the temporary restraining order was issued and which has heretofore occasioned the opinion and remand from this court, *Weber v. Johnston Fuel Liners, Inc.,* supra, upon the following grounds and reasons:

"1. That the cause of action asserted by the Plaintiffs is based upon an allegation of malicious prosecution arising out of the facts and circumstances which are currently being litigated in Civil Action No. 12–177, previously remanded to the District Court of the First Judicial District, Platte County, Wyoming, by the Supreme Court of Wyoming.

"2. That any malicious prosecution action based upon the circumstances and facts involved in civil action No. 12–177 will not ripen and be mature for adjudication until such time as civil action No. 12–177 is fully and finally disposed of.

"3. That this Court has no jurisdiction to entertain such an action in view of the law of the case existing in case No. 12–177."

Although we do not agree this was a proper basis for this dismissal, insofar as it was based upon the ground of prematurity, we do affirm the court's order. The limited remand of this earlier case gives it a finality for purposes of the disposal here. This action is taken because of our rule that even though the trial court's basis of decision is incorrect, if it is sustainable on another theory it should not be reversed, *Miller v. Hedderman,* Wyo., 464 P.2d 544, 545–546; *Heyl v. Heyl,* Wyo., 518 P.2d 28, 30; *Younglove v. Graham & Hill,* Wyo., 526 P.2d 689, 693.

Because both parties have relied upon the opinion and judgment in the original case and have injected it in both their briefs and arguments, we will rely thereon in determining the sufficiency of this complaint. There is another basis for taking judicial notice of the prior proceedings in the original case between these parties. We do not deem it improper to take notice of the judgment, temporary restraining order, and opinion in the earlier case because of the identity of the parties and the interrelationship of these actions. See *Shuttlesworth v. City of Birmingham, Ala.,* 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162, on remand 45 Ala.App. 723, 222 So.2d 377; *National Fire Ins. Co. of Hartford v. Thompson,* 281 U.S. 331, 50 S.Ct. 288, 290, 74 L.Ed. 881; 31 C.J.S. Evidence § 50(1), p. 1021, and § 50(3), pp. 1032–1033. This has been applied in motions to dismiss. Although normally a motion to dismiss admits all well-pleaded facts, it does not admit facts which the court can judicially notice as not being correct, *Interstate Natural Gas Co. v. Southern California Gas Co.,* 9 Cir., 209 F.2d 380, 384; *Gulf Coast Western Oil Co. v. Trapp,* 10 Cir., 165 F.2d 343, 349; *Maniaci v. Warren,* D.C. Wis., 314 F.Supp. 853, 857; *Golaris v.*

---

2. 43 C.J.S. Injunctions § 281, p. 1055; Prosser, Law of Torts, § 120, p. 851 (4th Ed.).

*Jewel Tea Co.*, D.C.Ill., 22 F.R.D. 16, 19. It seems most desirable to make a final disposition of this matter and to terminate this continuing controversy, so we shall also discuss the other grounds for our disposal hereof.

■ Insofar as plaintiffs seek to base any claim for damages upon the filing of the principal suit, they can have no remedy. We have recognized by a line of unbroken authority that to have any recovery for malicious prosecution the proceedings must not only be terminated but have resulted in a finding in plaintiff's favor, *Consumers Filling Station Co. v. Durante,* 79 Wyo. 237, 333 P.2d 691, 694. This is not the case here. Although the proceedings in the principal suit have terminated, they were not terminated by any finding in Weber's favor except that the temporary restraining order was held to have been wrongfully issued.

■ If plaintiffs have any basis for recovery herein it must result solely from the wrongful issuance of the temporary restraining order and any remedy would necessarily be confined to damages flowing directly therefrom.

An examination of the order dissolving the temporary restraining order reveals the court found summarily, and without reason assigned, that the order was wrongfully issued and that the time for the operation of such order had expired and Weber was wrongfully restrained. This order may have been based on failure to give proper notice.[3] Under Rule 65(b), W.R.C.P., there may have been a finding that the court commissioner had not properly exercised discretion or that the temporary restraining order was overly broad.

■ The judgment earlier affirmed by this court grants Johnston substantially the basic relief included in the temporary restraining order by confirming the title to the right-of-way and restraining Weber from interference therewith, and holds Johnston may maintain and use the right-of-way and that the adverse claim of title asserted by Weber was void, although it may be conceded that the temporary restraining order was in some particulars broader in its terms than the final judgment but not in such material terms as we can say that the final judgment is not evidence of probable cause for the issuance of the temporary restraining order. Weber was basically restrained from doing those things he had no right to do. The basic issues presented by both may be summarily stated as a claim by Johnston to the use of the right-of-way and without undue interference therewith, contrasted to a claim by Weber that the title rested in him to the claimed right-of-way and the right to prohibit Johnston from its use, which was not recognized. In light of this court's holding that such actions as these are not favored and are hedged about with limitations, and that recovery is allowed only when all requirements have been complied with, *Consumers,* supra, 333 P.2d at 694 (and the public policy considerations therein noted), we have no hesitancy in adoption of the rule that there is a conclusive showing of probable cause, which arises from the affirmance of the judgment entered by this court—at least insofar as the final judgment granted the relief which was included in the temporary restraining order—and that when a judgment upon the merits has been so entered it is conclusive evidence of probable cause. *Kachig v. Boothe,* 22 Cal. App.3d 626, 99 Cal.Rptr. 393, 401; *Ripley v. Bank of Skidmore,* 355 Mo. 897, 198 S. W.2d 861, 864; *McMahon v. May Department Stores Company,* Mo., 374 S.W.2d 82, 91; *Boothby Realty Co. v. Haygood,* 269 Ala. 549, 114 So.2d 555, 556; 54 C.J.S. Malicious Prosecution § 24, p. 981. These authorities in most cases, however, note an exception with which we take no issue, i. e., this conclusive effect can only be avoid-

---

3. This was strongly urged by Weber in the original suit as the basis for the invalidity of such temporary restraining order and the opinion in the original case, 519 P.2d at 877, mentions the failure to comply with the procedural requirements.

ed by proof of fraud or perjury in obtaining the judgment entered.

 There are, however, other reasons why the motion to dismiss was properly entered by the trial court. This court has heretofore indicated that such an action is not favored by the law, *Consumers Filling Station Co. v. Durante*, supra, 333 P.2d at 694. In the cases arising under the Federal Rules from which ours were adopted, there is a significant exception to the rule of liberal construction of pleadings under Rule 12(b)(6), F.R.C.P. (identical to ours) when the claim is one such as malicious prosecution, 5 Wright and Miller, Federal Practice and Procedure, § 1357, p. 610, and § 1246, pp. 223–224 (1969). A complaint asserting recovery upon this basis must allege favorable termination in plaintiff's favor, 5 Wright and Miller, supra, § 1246, p. 223; *Ivey v. Daus*, D.C.N.Y., 17 F.R.D. 319, 323; *Robinson v. Chicago Great Western Railway Company*, D.C.Mo., 144 F.Supp. 713, 716. The complaint herein does not plead that either the principal suit or the temporary restraining order was dismissed or terminated favorably to the plaintiffs. These facts alone were a sufficient basis for the dismissal by the court.

 The necessity of probable cause as a separate and necessary element in a civil suit for malicious prosecution has been established in our earlier decision of *Consumers Filling Station Co. v. Durante,* supra. The complaint demonstrates upon its face that a temporary restraining order was issued and under our rules this issuance must have been procured from either a district judge or a duly appointed court commissioner, Rule 65(b), W.R.C.P. This raises a serious question and inference that probable cause did exist because in this case the record demonstrates that the court commissioner was a lawyer, and as we have held in *Consumers*, supra, a finding by a justice of the peace upon a trial had before him is prima facie evidence of probable cause even though reversed, and

there is no reason for application of any different rule in this case. The trial court, then, was faced with a pleading which demonstrated upon its face that there was probable cause until the same might have been rebutted. Allegation of fraud in the form of perjury or misrepresentation, which would be necessary to avoid the effect of the finding of the judgment and action of the court commissioner in issuing the temporary restraining order, is one of the special matters which must be stated with particularity, Rule 9(b), W.R.C.P. These elements were not specifically stated as required by our Rule 12(g), W.R.C.P. Plaintiffs' complaint does not suggest the original restraining order was obtained by fraud or perjury, which we would deem a species of fraud. This case falls squarely within the rule announced by *In re Estate of Sullivan*, Wyo., 506 P.2d 813, 817, wherein we held that in the event of the failure to meet the fundamental requirements of allegations which constitute fraud there is a failure to state a claim by virtue of Rule 9(b), W.R.C.P. This also reveals an affirmative defense in the nature of a prima facie showing of probable cause. When the complaint shows the existence of a built-in defense, a notice to dismiss lies, *Vossler v. Peterson*, Wyo., 480 P.2d 393, 394; *In re Sullivan's Estate*, supra at 817.

The complaint filed by plaintiffs herein could only escape dismissal by a most complete application of the rule of liberal construction, Rule 8(b), W.R.C.P., and because of the limited application of this rule in this type action it did not state a claim. Additionally, even in cases of the class wherein the rule of liberal construction applies, this court has mentioned certain definite parameters of limitation:

> "Liberality does not go so far as to excuse omission of that which is material and necessary in order to entitle relief. * * *" *Sump v. City of Sheridan,* Wyo., 358 P.2d 637, 642, rehearing denied 359 P.2d 1008.

 

We find the Sump case most interesting and persuasive because it was not one involving a disfavored action.

The judgments must therefore be affirmed.