**Joseph SANTINA, Plaintiff and Appellant,**

v.

**Delmar LARSON, Sheriff, Salt Lake County, Defendant and Respondent.**

No. 15870.

Supreme Court of Utah.

March 20, 1979.

D. Gilbert Athay, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Theodore Q. Cannon, Salt Lake County Atty., for defendant and respondent.

PER CURIAM:

Plaintiff appeals from the denial of a petition for Writ of Habeas Corpus. In an extradition proceeding, the Governor of Illinois requested the Utah Governor to deliver the petitioner to stand trial on an Illinois felony narcotic charge. Mr. Santina had jumped bail and fled the State of Illinois.

The only question on appeal is proof of Santina's identity.

At the extradition hearing, Santina appeared with counsel and urged only that because the fingerprint and the photo claimed to be that of Santina were not authenticated, that the identity was not established by the attacked documents, nor

---

1. See Rule 61, U.R.C.P.; and *Rowley v. Graven Brothers & Company*, 26 Utah 2d 448, 491 P.2d 1209.

could it be. Other accompanying documents bore the same name as that of the petitioner and in such a case there is a presumption that the person named in the extradition papers is the person sought.

 It would follow that the fingerprints and photographs were not necessary since the presumption of being the same person persists unless rebutted—which rebuttal falls upon the named person; otherwise, a prima facie case is established by the State's showing the extradition papers to bear the same name as the accused (*Mora v. Larson*, 540 P.2d 540 (Utah 1975), *Scott v. Beckstead*, 13 Utah 2d 428, 375 P.2d 767 (1962).

 After the argument as to the photographs, the trial court asked Santina if he wished to introduce any evidence. Santina said he did not, and that "I will submit it." He proffered no evidence as to his "non-identity,"—which certainly did not satisfy the rule that such "non-identity" must be shown by clear and convincing evidence to destroy the prima facie case. Consequently the requirements to justify extradition were satisfied. (*Scott v. Beckstead*, supra, *Stolz v. Miller*, 543 P.2d 513 (Colo.1976), *Smith v. State*, 89 Idaho 70, 403 P.2d 221, *Dominquez v. Bray*, 532 P.2d 950 (Colo. 1975).

Santina cites *Madsen v. Larsen*, 527 P.2d 227 (Utah 1974) as being dispositive here. The fallacy of such contention is that in that case Madsen sought to show "non-identity" by mentioning four similar names in the vicinity, and was denied his request for a hearing. This Court reversed, concluding that under *those* circumstances an evidentiary hearing was justified.

There is no merit to this appeal.

The judgment is affirmed.