Francis Milton GIBSON, Appellant
(Defendant below),

v.

J. T. ALLEN AGENCY, a partnership,
Appellee (Plaintiff below).

No. 3429.

Supreme Court of Wyoming.

Nov. 16, 1965.

Miller, Suyematsu, Crowley & Duncan and Robert L. Duncan, Cheyenne, for appellant.

Joseph F. Maier, Torrington, Ireland, Stapleton, Pryor & Holmes, Robert C. Hawley and Ronald S. Luedemann, Denver, Colo., for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Appellant, defendant below, will be referred to as "Gibson," and appellee, plaintiff below, as "Allen."

Allen, a general agent for Kansas City Life Insurance Company, appointed Gibson as a sub-agent or insurance salesman for the company. Allen claimed Gibson's sole compensation under that appointment was to be commissions upon Gibson's sales of insurance policies. However, in order to assist Gibson while he was getting started as such insurance salesman, Allen agreed to and did advance Gibson for his living expenses the sum of $650 per month, and Allen also paid certain of Gibson's obligations, all totalling an advance to Gibson of $4,574.02, for which sum Allen sought judgment against Gibson.

Gibson denied Allen's allegations relative to monies advanced, claiming the $650 monthly payments were his guaranteed salary and that the other items which Allen claimed he had paid in Gibson's behalf were not proper charges against him and were incorrect.

Trial being to the court without jury, Allen was given judgment against Gibson for the full amount claimed, together with interest and costs. Gibson's motion for new trial was denied and he appeals contending the judgment was contrary to and not supported by the weight of the evidence and was contrary to law.

At the outset it might be said that it is not a legal basis for appeal to claim a judgment is contrary to and not supported by the "weight" of evidence, as the "weight" given evidence rests solely with the trier of fact. Montgomery v. Empey, 36 Wyo. 37, 253 P. 17, 18. There is a difference between weight of evidence and presence of substantial evidence.

■ A summary of evidence proper to be considered and a stipulation of the parties are as follows.

At a pretrial conference it was stipulated:

" * * * the issue in this case is what were the terms of the oral contract of employment. Plaintiff contends [Gibson was] hired on commission basis with a right to draw up to $650.00 per month. Defendant contends [Gibson was] hired on basis of guarantee of $650.00 per month. If the Court finds that Plaintiff's contention is true, it is agreed that Defendant owes Plaintiff the amount of the claim. If the Court finds Defendant's true, the suit fails."

There was evidence that Allen appointed Gibson as a sub-agent and insurance salesman to sell life insurance policies of Kansas City Life Insurance Company for Allen; that Gibson's sole compensation was to be commissions upon Gibson's sales of such policies; that early earnings of new salesmen from their commissions are usually so low that Allen usually lends them monetary assistance to get them started and the amount of commissions is dependent upon the sub-agents' success; that accordingly Allen told Gibson that Allen would loan or advance him $650 per month against Gibson's future earnings, which Allen did; that, thereafter, Allen gave Gibson a statement every month showing the debit balance of Gibson's indebtedness to Allen; that Gibson never questioned or complained about any item shown on such statements; that at year's end Allen sent Gibson, for income tax purposes, a statement of Gibson's commission earnings and such statement did not show the $650 monthly advances as earnings; that Gibson left his employment as a salesman of Kansas City Life Insurance Company policies and became employed by a competing life insurance company in order to escape repayment of the amounts advanced him by Allen; that Gibson never denied his indebtedness to Allen; that after terminating his employment as a salesman for Kansas City Life

Insurance Company Gibson refused to pay Allen the monies advanced to him; and that Gibson rewrote life insurance policies which he had previously written for Kansas City Life Insurance Company with other life insurance companies.

This evidence was substantial and sufficient to justify the conclusion that the advances made Gibson by Allen were loans to Gibson which were made to him by Allen in order to assist Gibson to get started as an insurance salesman of Kansas City Life Insurance Company; that, although repayment of those loans was to be made from commissions earned by Gibson in such employment, when Gibson by his own act terminated that employment, thus destroying his ability to earn the commissions from which repayment could be made, the debt and the obligation to repay at all events became absolute.

■ If more was needed to justify the court's judgment, Gibson's own statement that he left his employment in order to escape payment of his debt to Allen would alone have warranted the lower court's action. To sanction Gibson's profiting by his own wrongdoing would offend right and justice and should never be tolerated in the Halls of Justice.

The law we follow is stated in 17 Am.Jur. 2d, Contracts, § 361, p. 802, "The rule is that conditions agreed to by a party to a contract must be performed, unless the performance * * * is * * * prevented by the other party," and in 17 Am.Jur.2d, Contracts, § 407, p. 856, it is said:

"As an overall general principle, impossibility of performance caused by the promisor or by those in privity with him, or by developments which he could have prevented or avoided or remedied by appropriate corrective measures, does not excuse him from liability for his nonperformance of the contract. This is closely allied to the doctrine that impossibility which is personal to the promisor and does not inhere in the nature of the act to be performed does not excuse nonperformance. A con-

tracting party impliedly obligates himself to cooperate in the performance of his contract and the law will not permit him to take advantage of an obstacle to performance which he has created or which lies within his power to remove. Likewise, it is held that a promisor who, after having assumed a contractual duty without then knowing or having reason to know the fact which makes performance impossible or impracticable, subsequently acquires knowledge of such fact in time to avoid the dire consequences of nonperformance, but who despite such knowledge proceeds without taking reasonably prudent steps to avoid such consequences, cannot thereafter assert the defense of impossibility of performance."

17 Am.Jur.2d, Contracts, § 427, p. 882, says, "One who prevents or makes impossible the performance or happening of a condition precedent upon which his liability by the terms of a contract is made to depend cannot avail himself of its nonperformance." 5 Williston on Contracts, § 677, pp. 224, 225 (3d Ed.), states:

"It is a principle of fundamental justice that if a promisor is himself the cause of the failure of performance, either of an obligation due him or of a condition upon which his own liability depends, he cannot take advantage of the failure. "In reflecting upon this jural proposition, a federal court has observed that 'Where liability under a contract depends upon a condition precedent one cannot avoid his liability by making the performance of the condition precedent impossible, or by preventing it.' The illustrations of this principle are legion."

See also 17A C.J.S. Contracts § 459, p. 601; and 1 A.L.I., Restatement of the Law, Contracts, § 295, p. 438 (1932).

The judgment is affirmed.

Affirmed.