**Tommy J. REDMAN, Appellant**
**(Defendant below),**

v.

**Marjorie Joanne REDMAN, Appellee**
**(Plaintiff below).**

**No. 4292.**

Supreme Court of Wyoming.

April 25, 1974.

Joe R. Wilmetti, Rock Springs, for appellant.

H. S. Harnsberger, Jr., Riverton, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and McCLINTOCK, JJ.

Mr. Justice McCLINTOCK delivered the opinion of the Court.

Tommy J. Redman [1] appeals from the judgment of the District Court of Fremont County, Wyoming, made and entered July 20, 1973, finding him in willful violation of a previous judgment of that court entered February 25, 1970, and ordering him to pay plaintiff $2,025.00 in unpaid child support and $600.00 as attorney fees.

The judgment of February 25, 1970 was entered as the result of an alleged failure of defendant to comply with an original divorce decree entered August 31, 1967, which in addition to granting plaintiff a divorce awarded custody and directed defendant to pay $300.00 per month beginning September 1, 1967 "for the support of the minor children of the parties", four in number, and all of whom were under the age of 18 at that time. No period of time or other limitations were fixed in the order for child support.

It appears that following the entry of the decree defendant became delinquent in his payments and may have made some payments to the children themselves rather than to the plaintiff. Also, on September 16, 1969, Vicki, the oldest of the four children, became 18 years of age. On October 24 of that year, claiming that defendant

---

I.  Defendant below and so referred to in the course of this opinion. Appellee, who remarried after the decree of divorce, will be referred to as plaintiff.

was in substantial arrears in his payments, plaintiff filed an affidavit asking for a citation of contempt against him. Pursuant to citation a hearing was held February 2, 1970, resulting in the judgment of February 25, 1970 which contained the following specific finding:

"1. That the child support payment obligation of Defendant to Vickie J. Redman, ceased as of her 18th birthday which was September 16, 1969."

Judgment was entered against defendant for $1,865.27 in adjudication of all obligations through January 31, 1970, and defendant was ordered to "continue child support payments for the three remaining minor children in the custody of the Plaintiff, said payments being in the sum of $225.00 per month", to be made through the Clerk of the Court and not directly to the children. Neither party appealed this judgment and the money judgment was promptly paid.

Beginning with the July, 1971 payment defendant reduced the payment by $75.00, to $150.00 without previous application for this reduction or order of the court therefor. Debbi, the second oldest child, became 18 on August 13, 1971. No payment at all was made for the month of March, 1972. A year after this reduction and on July 2, 1972 plaintiff again filed motion for citation for contempt because of defendant's alleged "failure to abide by the previous order of the Court, dated February 25, 1970". By order issued July 28, served August 15, defendant was required to appear on August 30 and show cause why he should not be held in contempt for "alleged violations of the order of this Court dated February 25, 1970, with respect to his obligation to pay child support to the plaintiff". In his written answer filed August 23 defendant referred to the provisions of the original decree and subsequent judgment of February 25, 1970, and further alleged:

"8. That by virtue of said judgment of this Court, dated the 25th day of February, 1970, the initial Decree of this Court has, by implication been interpreted to mean that the child support payments were payments of Seventy-Five and 00/100ths Dollars [$75.00] per month, per child for, during and until each of said minor children attained the age of 18 years."

After some postponements of the hearing counsel for the parties on January 5, 1973 entered into a stipulation agreeing that defendant had reduced payments for July, 1971 and the following months to $150.00; that he had not made a payment for March of 1972; that Debbi had reached her 18th birthday on August 13, 1971; that the judgment of February 25, 1970 contained finding No. 1 as above quoted; and that defendant, understanding that his child support obligation for his children ceased as they became 18 years of age, had reduced the monthly payment by $75.00 when Debbi became 18. It was further stipulated:

"5. That the only question to be determined by this Court, at the hearing herein set for the 7th day of February, 1973, is, 'Does the defendant's child support obligation cease when his children attain the age of 18 years?'"

Briefs were filed with the trial court and a hearing was held on July 6, 1973 at which plaintiff was the only witness, testifying to the facts as we have stated them. The trial judge then discussed the case at some length, rejecting any theory of automatic cessation of obligation to pay child support at age 18 since there was no factual or legal basis to presume a ratable reduction was in order. He found that the defendant had failed to pay support according to the explicit terms of the decree of August 31, 1967 and the modification of February 25, 1970, which failure was willful and contemptuous. Defendant would therefore be ordered to pay $2,025.00 (the amount of the $75.00 reduction over a 25 month period plus $150.00 for March, 1972), and the payment of $225.00 a month would continue indefinitely because there was no record or facts before the court to

undertake an adjustment of that amount. Judgment was entered July 20, 1973 in the amount of the deficiencies but further providing that defendant "shall continue child support payments for the two remaining minor children in the custody of the plaintiff in the sum of $150.00 per month",[2] payable through the Clerk's office.

Defendant does not deny that at the time of the original decree herein legal minority continued until a child was 21. Nor does he deny the right of a district court in providing for the custody and support of children of the marriage to enter a decree which would require such support during that minority, subject to such future modification thereof as might be secured by proper application to the court.[3] In the present case, however, the 1967 judgment fixed no time limit during which it should be in effect and while the support obligation is created for the benefit of the "minor children" of the parties, there is no express direction that it was to continue throughout minority. In this respect the case differs from the authorities cited by plaintiff holding that if a decree "requires payments for the support of a daughter 'during minority' the obligation continues until she is 21".[4]

Defendant cites statutes pertaining to the enforcement of civil and criminal sanctions against a parent who fails to give proper support to his children, which statutes are expressly limited to children under 18.[5] However, we do not understand him to dispute the right of a district court to grant a divorce, to provide for the custody and support of children of the marriage,[6] and to impose the obligation of support until the children shall have reached the age of majority or some other designated age beyond 18. His argument is that while the original decree was silent as to both the duration and severability of the support obligation, the judgment of February 25, 1970 has by interpretation or construction of the original decree rendered certain that which was uncertain so that from and after February 25, 1970 the obligation of the defendant was to pay plaintiff each month for the benefit of each child then under the age of 18 years the sum of $75.00, with such obligation automatically terminating as to each child as that child reached 18.

Cited as authority sustaining the severability of the support award are Ditmar v. Ditmar (1956), 48 Wash.2d 373, 293 P.2d 759, and Codorniz v. Codorniz (1950), 34 Cal.2d 811, 215 P.2d 32, holding that as children married or circumstances changed concerning their dependency the father was justified in reducing the support payment without previous order of court, but we are not convinced that they represent either the majority or better view. Severability was specifically considered and rejected in Cooper v. Matheny (1969), 220 Or. 390, 349 P.2d 812; Schrader v. Schrader (1947), 148 Neb. 162, 26 N.W.2d 617; Cosgriff v. Cosgriff (N.D. 1964), 126 N.W.2d 131; Rhodes v. Gilpin (D.C.App. 1970),

2. The judgment does not seem to be entirely consistent with the oral statement since it does not continue the monthly payment of $225.00 but reduces it to $150.00. It appears in the record that Debbi had married in August of 1972 and it may be that the written order operates prospectively to reduce the support payment because of that fact. No error in this reduction has been asserted.

3. Section 20–61, W.S.1957 permits the court in awarding a divorce to make such provision for "the children as shall appear most expedient under all the circumstances, and most for the present comfort and future well-being of such children; and the court may from time to time afterward on the petition of either of the parents, revise and alter such decree

* * * as the circumstances of the parents and the benefit of the children shall require".

4. 24 Am.Jur.2d Divorce and Separation § 855, p. 970, citing Jones v. Jones, 63 App.D.C. 373, 72 F.2d 829, 95 A.L.R. 352. Chorney v. Chorney (Wyo.1963), 383 P.2d 859, the only other authority cited by plaintiff, is of no assistance in this case because the decree itself provided that the obligation should extend until the children became 21.

5. Sections 14–18 and 14–53, W.S.1957, C. 1965, permitting civil actions for failure to support, and § 20–71, W.S.1957, making it a crime to fail to support. All statutes refer to a child under 18.

6. See n. 3, supra.

264 A.2d 497; and Delevett v. Delevett (1968), 156 Conn. 1, 238 A.2d 402. In *Rhodes,* 264 A.2d at 499, it was said:

"As to the effect of one minor child reaching his majority upon a support order, the weight of authority is that when a support order specifies a single, undivided sum to be paid for the support of more than one minor child, 'the emancipation of one child does not automatically affect the liability of the parent for the full amount.' Delevett v. Delevett [*supra*] * * *."

In *Cosgriff,* 126 N.W.2d at 134, the North Dakota court pointed out that the expense of supporting three children is not exactly three fourths of the expense of supporting four, since rent, heat, electricity, and similar expenses may be as great for maintaining three as maintaining four, and said:

"Had the decree provided for a definite sum per child, as often is the case, the payment due would automatically have been reduced when one child reached majority. But, where the provision for support is for a lump sum, we believe the better rule is that which is applied by those courts which require such sum to be paid, in the absence of modification, until the youngest child attains majority. [Citing cases]"

■ We find no logical reason for concluding that because an allowance is made for four children without specifying the amount considered necessary for each child it must be construed as constituting a severable decree. We agree with the Connecticut court when it says in *Delevett,* 238 A.2d at 404, that

"a child support order may not accurately reflect what the children actually require but only what the parent can reasonably be expected to pay. To allow an automatic reduction of an undivided order would be to ignore the realities of such a situation. Second, to regard an undivided child support order as equally divisible among the children is to ignore the fact that the requirements of the individual children may vary widely, depending on the circumstances."

■ Moreover, we are not convinced that the facts sustain the contention that child support obligation ended for each of these children as he or she became 18 merely because the court found that defendant's obligation to one of the children (Vicki) ceased when she became 18. No record was apparently made of the proceedings and while there was no reason given by the then judge for this termination other than that defendant's obligation to Vicki ceased as of her 18th birthday, there is nothing in the record indicating what facts and circumstances may have influenced the court in reaching that decision. It is entirely possible that there were special circumstances other than age relating to Vicki justifying termination of her support at that particular time. Thus termination of Vicki's support did not necessarily make the amount of support divisible as to the other three minor children. Under our statute[7] the obligation of support is a continuing one; it is also one which is at all times subject to change upon proper request to the court for modification or clarification contingent upon a change in circumstances of the parties.

In Strahan v. Strahan (Wyo. 1965), 400 P.2d 542, 543, we said:

"State courts have quite universally accepted the proposition, where custody of children is involved in a divorce action, that the court retains jurisdiction so the decree may .be modified at any time respecting custody or the payment of support money, the paramount consideration being to serve the best interest and welfare of the children. This jurisdiction is generally referred to as a continuing jurisdiction."

We think it a high-risk adventure for a party to the action to take it upon himself to interpret a decree of court, particularly

---

7. See n. 3, *supra.*

in view of the continuing accessibility of the court. All that can be said of the judgment of February 25, 1970 is that it definitely held that the obligation as to Vicki had ceased when she became 18. As to the future, the decree remained as it was before, providing $225.00 a month for three minor children. If the first decree was vague, this one was equally vague, and it was as much within the power of the district court to construe and interpret this judgment as it was for the judge to construe and interpret the first decree.

Defendant argues that the 1967 decree has been interpreted by the 1970 judgment but makes no argument and cites no authority denying the right of the same court, albeit with a different judge, again to interpret the decree. The only way in which we can see that the 1970 interpretation could be said to be legally binding upon the court in 1973 would be if it applied a correct rule of law or was entered under such circumstances as to become the law of the case. Accepting this to mean "that whatever is once irrevocably established as the controlling legal rule of decision between the same parties in the same case continues to be the law of the case, whether correct on general principles or not," 21 C.J.S. Courts § 195, p. 330, we find no element of irrevocability in the 1970 judgment.

■ The most we can say, then, is that the judgment of February 25, 1970 was ambiguous and defendant's then counsel [8] must be said to have approved that judgment knowing that it was ambiguous. If there was a doubt as to the effect of this second decree, application should have been made to the court for clarification. When the matter came on for hearing before the third judge involved in the proceeding he made every attempt to have a full hearing as to any change of circumstance or other factors affecting the continuing child support obligation, but defendant presented no evidence whatever, apparently relying on his interpretation of the 1970 judgment. We think he was wrong in this and that the lower court was correct in construing the 1970 judgment as applying only to the particular child involved in that case.

The judgment appealed from is affirmed.

---

8. Counsel appearing in the 1970 proceedings was not the same as counsel appearing in the 1973 proceedings and in this Court.