Linda Kay **MENTOCK,** Appellant
(Plaintiff),

v.

Joseph Clark **MENTOCK,** Appellee
(Defendant).

No. 5548.

Supreme Court of Wyoming.

Dec. 30, 1981.

Robert W. Connor, Jr., Kennedy, Connor & Healy, Sheridan, signed the brief; and Jack Ryan appeared in oral argument on behalf of appellant.

Fred R. Dollison, Badley, Rasmussen & Shoumaker, Sheridan, signed the brief; and Fred R. Dollison, appeared in oral argument on behalf of appellee.

RAPER, Justice.

This appeal arises from a district court's denial of appellant's request for an increase in child support payments. Appellant contends that the district court abused its discretion in the matter by failing to adequately consider the welfare of the parties' child and acknowledge the detrimental impact of inflation upon appellant's ability to use the support payments, at their current levels, to provide for the child. Appellant also argues that the district court applied the wrong law in this case by ruling that there had to have been a change in circumstances which could not have been foreseen in order to warrant a change in the amount of the support payments. Finally, appellant questions the propriety of the district court's actions in attempting to negotiate a settlement.

We will affirm.

## I

On June 6, 1970, the parties were married in Sheridan, Wyoming, where they resided. In 1973 a son was born, the only issue which resulted from the marriage. On August 1, 1975, appellant filed for divorce. A decree of divorce was rendered on September 9, 1975, which incorporated a settlement agreement between the parties. As a result, appellant received custody of the child while appellee was obligated to provide monthly child support payments in the amount of one hundred dollars. The appellee, by the terms of the agreement, would have custody of the child during the summer months upon his reaching age five. During the time the appellee had custody, support payments were to be suspended. The appellee agreed also to pay all medical expenses for the child. The record discloses that appellee has had the partial custody agreed upon, and he pays for life insurance and hospital insurance for the child. The division of the marital property was such that appellant received the marital residence.

In September, 1976, appellant moved to Missouri where she had lined up a job which, according to her motion to modify, was to "better her position in life, and raise the standard of living of herself and her child by accepting new employment * * *." This was only after appellant had moved the court for a modification of the divorce decree to change the visitation rights to reflect the move, including custody in appellee between June 10 and August 25 of each year; and the district court had granted the modification.

Then, sometime during 1979, appellant sold the family house. Her net proceeds from the sale totaled approximately $20,000. With that money, appellant bought an $8,000 Pontiac Trans Am and some household furniture. She also indicates she paid bills and made other expenditures such that only $500 of the proceeds remained at the time of the trial.

In addition to what has been required of appellee by agreement and decree, appellee has established for the youngster a $1,100 savings account, sends him a regular spending money allowance and has purchased him clothing. No claim had been made that appellee has in any way failed to comply with the divorce decree as modified.

It was in April of this year—1981—that appellant petitioned for another modification of the divorce decree. In her petition she asked that the monthly support payments be raised to $200. It should be noted that in her petition she acknowledged having received from appellee the previous month an offer to raise the support payments to $125, but that she had refused this and instead countered with a demand for an increase to $150.

The case proceeded to hearing on May 7, 1981. Appellant contends that prior to commencement of the transcribed proceedings, the trial judge attempted to negotiate a settlement. There is nothing in the record to support this contention.

Following the hearing, the district court denied appellant's petition. From the order entered on June 1, 1981, embodying that decision, appellant has processed this appeal.

## II

█ We will first turn our attention to the question of when may a district court raise monthly child support payments. The law in Wyoming is clear that, as a general rule, a divorce decree is res judicata on all issues therein decided. *Heyl v. Heyl*, Wyo., 518 P.2d 28 (1974). This doctrine is mandated by public necessity; there must be an end to litigation at some point, or else the legal system would become so bogged down that nothing would ever remain decided. *Rubeling v. Rubeling*, Wyo., 406 P.2d 283 (1965).

█ Nevertheless, this court has recognized that, in certain circumstances, modifications of divorce decrees are necessary. In order for a modification to be warranted, it must be established that there has been a material or substantial change in circumstances which outweighs society's interest in applying the doctrine of res judicata. *Rubeling v. Rubeling*, supra. The burden of proof lies with the party seeking the modification. *Laughton v. Laughton*, 71 Wyo. 506, 259 P.2d 1093, 43 A.L.R.2d 351 (1953).

█ When the modification sought involves the question of custody of the child, that child's welfare must be given paramount consideration. *Laughton v. Laughton*, supra. However, it is imprudent to contend that, when the question involves support payments, the matter should be decided without consideration of the paying parent's ability to pay, the recipient's spending habits, and all other surrounding circumstances. *Redman v. Redman*, Wyo., 521 P.2d 584, 587 (1974). See also, § 20–2–113(a), W.S.1977.[1] This court in *Redman* agreed with the proposition that a child support order may not accurately reflect what children actually require but, rather, what the parent can reasonably be expected to pay. The circumstances of the parents are recognized by our controlling statute as well. Even in unbroken homes a child's monetary needs must be limited by the parents' income. Child support cannot be determined in a vacuum. If a child's wants and needs were to be the sole criterion, then child support may have to fall upon the state since few parents are able to raise their children without having to make do with what they have.

Appellant tries to point to *Rubeling v. Rubeling*, supra, for the proposition that appellee's ability to pay should have been ruled irrelevant to the trial on whether to grant the modification in support payments. However, her reliance on *Rubeling v. Rubeling*, supra, is misplaced. That case involved a petition by the husband which sought to reduce the support payments. There the court, while considering whether a change in circumstances occurred, observed:

"Unfortunately, we have no record of proceedings in connection with the court's first modification. Although counsel for the husband suggests that the divorced wife has an improved income situation, he admits the record fails to support his contention in that regard, because it does

---

1. Section 20–2–113(a), W.S.1977, provides:

"(a) In granting a divorce or annulment of a marriage, the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. The court shall consider the relative competency of both parents and no award of custody shall be made solely on the basis of gender of the parent. On the petition of either of the parents, the court may revise the decree concerning the care, custody and maintenance of the children as the circumstances of the parents and the benefit of the children requires."

Other than grammatical revision made by Chapter 152, S.L.Wyo.1977, this provision was in effect on the date the decree of divorce was entered in 1975 and the modification of 1976.

not reflect what her income situation was at the time of the last previous modification.

"Likewise, it is not shown that the husband has less income. In fact, appellee suggests his income was nominally increased." 406 P.2d at 284–285.

It is clear that the income of the parents can and should be taken into consideration in determining whether there has been a change in circumstances which warrants a modification of the divorce decree.

### III

 The district court ruled, in the case now before us, that:

"1. In order for a District Court to modify the amount of child support awarded in a Divorce Decree, there must be an unanticipated substantial change in circumstances or a discovery of material facts unknown to the Court and unanticipated by the parties at the time of the original decree.

"2. Since the date of the Divorce Decree entered herein awarding child support in the amount of $100.00 per month to the Plaintiff, Linda K. Mentock, there have been no material changes of circumstances which could not have been anticipated by the parties.

"3. The Petition of Linda K. Mentock should be denied."

It is apparent from its order that the district court had been misled by appellee's counsel into believing that, not only must there have been a change in circumstances before the divorce decree could be modified, but also that the change must have been an unforeseeable one. There is nothing in our prior case law or statute (§ 20–2–113(a), supra, fn. 1) to support that position, and thus we must conclude that the district court applied the wrong law to this case. However, that does not necessarily mandate a reversal; a judgment may be affirmed on any legal ground appearing in the record. *Skinner v. Skinner*, Wyo., 601 P.2d 543

(1979); *Heyl v. Heyl*, supra. A trial judge may reach the right result for the wrong reason. *Weber v. Johnston Fuel Liners, Inc.*, Wyo., 540 P.2d 535 (1975).

 We do not believe that we can ignore the agreement entirely, as though it did not exist. As said by Chief Justice Blume in *Beard v. Beard*, Wyo., 368 P.2d 953 (1962):

" * * * Whether or not to modify the decree was in the sound discretion of the court. 49 C.J.S. Judgments § 300. Agreements such as were entered into by defendant and plaintiff are favored by the courts. That matter was fully discussed in *Rinehart v. Rinehart*, 52 Wyo. 363, 75 P.2d 390. Hence it would seem that if the agreement were entered into voluntarily and by competent persons and if the contract were not against public policy or against the best interest of the children, the only proper course for the court was to enforce it, or, rather, not to interfere with it. We have not been cited to any authority that the contract was against public policy. Nor has it been shown that the contract is prejudicial to the interest of the children." Id. at 955.

There was no evidence presented to the effect that the agreement was against the best interests of the child of the parties.

 Where the failure to discharge the burden of proof is clear, the issue may be resolved as a matter of law. *Tri-State Oil Tool Industries, Inc. v. EMC Energies, Inc.*, Wyo., 561 P.2d 714 (1977). Here, it was appellant who petitioned for an increase in the child support payments. In order to be entitled to prevail, she needed to establish that the circumstances of the parties had so changed as to warrant the disregarding of the doctrine of res judicata. To meet this burden she offered evidence of the level of inflation between the time of the original decree and the time of her petition.[2] But, the record also discloses that appellee's salary had barely kept pace with the inflation, while appellant had, within the past two

---

**2.** Inflation could be a proper factor for consideration under circumstances in which it had a substantial and disproportionate effect on the relative financial position of the parties' contribution to support.

years, received twenty thousand dollars from the sale of a house. Though the record does not show whether she was working at the time of the original decree, it does show that she was currently working and receiving approximately $140 net a week.

Though evidence was offered to demonstrate the cost of supporting the child, that evidence was shown to be unreliable on cross-examination. Appellant testified that the cost of the child was in the neighborhood of $370 per month. Included in this amount was half of the $335 appellant paid as rent. Thus, $167.50 was apportioned to the child, even though appellant shared the apartment with another woman who paid half the rent. She also indicated that she attributed half the food and utility bills to the child, though there was no indication the child consumed half the food nor that without the child the utility bill would have been cut in half.

As a matter of law, the evidence was insufficient to demonstrate a change of circumstances which warranted a modification of the divorce decree.[3] In light of our conclusion as to the change-of-circumstances issue, we hold that the district court did not abuse its discretion.

## IV

Accordingly, we turn to appellant's contention that the court acted improperly in attempting to negotiate a settlement. There is nothing in the record reflecting any attempt by the presiding judge to negotiate a settlement. It is well established in this state that, on appeal, this court will not consider any matter upon which the record is silent. *Mountain Fuel Supply Company v. Emerson*, Wyo., 578 P.2d 1351 (1978). Thus, we cannot consider the merits of appellant's argument.[4]

Affirmed.

THOMAS, Justice, dissenting, with whom ROSE, Chief Justice, joins.

I must dissent from the result reached by the majority in this case, which is affirmance of the district court. My sole reason for such dissent is that in deciding the case in this manner this court has usurped the discretionary function of the district court. Once the abuse of the district court's discretion is identified the only proper disposition is to reverse the judgment and remand the case to the district court so that it, not this court, can exercise appropriate discretion based upon the proper legal standard.

I agree completely that it was error for the district court to conclude that any change in circumstances must have been unanticipated in order to permit the modification of the provisions of a divorce decree awarding child support. In my judgment it is highly predictable that the district court will reach the same result based upon the correct standard, but that is for the district court to decide.

The substantive rule that the dispositions authorized pursuant to § 20–2–113(a), W.S. 1977, are exercised within the sole discretion of the district court has heretofore been frequently and unequivocally recognized. See, e.g., *Rose v. Rose*, Wyo., 576 P.2d 458 (1978); *Salmeri v. Salmeri*, Wyo., 554 P.2d 1244 (1976); *Strahan v. Strahan*,

3. Disputes such as this may possibly be avoided by escalator clauses pegging support payments to either inflation or the father's salary. However, this may not even be a complete answer if the father's circumstances are such that he cannot reasonably be expected to pay the escalated amount.

4. We must wonder about appellant's motives in raising this issue and in attempting to admit evidence at trial of a compromise offer made by appellee, which was clearly improper under Rule 408, W.R.E.:
 "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

Wyo., 400 P.2d 542 (1965). In *Strahan v. Strahan*, supra, this court pointed out that the award by the district court was not subject to review except for abuse of discretion. We should not invade the discretionary province of the district court on any pretext.

Having concluded in this instance that the district court had abused its discretion by deciding the case upon an improper legal standard, the majority opinion then proceeds not only to exercise that discretion on behalf of the district court, but in so doing encompasses an obvious weighing of the evidence within the opinion. We thus must recognize an infringement upon another classic proposition frequently stated by this court, which is that the credibility of witnesses and the weight to be given their testimony is wholly within the discretion of the trier of fact. *Gibson v. J. T. Allen Agency*, Wyo., 407 P.2d 708 (1965); *Koch v. Brown*, Wyo., 401 P.2d 459 (1965); *Severin v. Hayes*, Wyo., 372 P.2d 1017 (1962); *Condict v. Hewitt*, Wyo., 369 P.2d 278 (1962).

While I agree that there was error in this instance, I am convinced that the only way to avoid infringing upon the discretion of the district court is to reverse its judgment and remand the case for further proceedings under the proper legal standard.