**Kent JESSEN, Appellant (Defendant),**

v.

**Tina Marie JESSEN, Appellee (Plaintiff).**

**No. 90–115.**

Supreme Court of Wyoming.

Dec. 20, 1990.

Bernard E. Cole and Douglas J. Moench, Jr., of Cole and Cole, Cheyenne, for appellant.

Rocky L. Edmonds, Cheyenne, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

In this appeal, we are presented issues concerning the validity of an agreement entered into by appellant, Kent Jessen (husband), and appellee, Tina Jessen (wife), which requires husband to make very substantial "late charge" payments to wife in the event husband is delayed in making his child support payments. He was delayed in these payments for about every payment, if made at all. Husband also questions the authority of the district court commissioner to make conclusions of law. The district court found husband in contempt for failure to make child support payments and entered a judgment in favor of wife for past due child support and a substantial amount of late charges totalling $13,275.00. Husband has not purged himself of the contempt, even to the extent of paying the amount of child support actually owed. Based on our decision in *Connors v. Connors*, 769 P.2d 336 (Wyo.1989), we remand this case for a period of two months to permit husband to satisfy outstanding child support payment obligations which, if not satisfied within that time, will result in appeal dismissal.

■ Upon confirmation by the clerk of the district court, within the two month period, that the payments are current in accord with the computation provided herein, this court will proceed to hear and determine the substantive appellate issue. That

issue is non-enforcement of husband's agreement to pay a high rate penalty if support payments are not timely made, which agreement by stipulation had been incorporated into an earlier modified decree. Clearly, the district court had jurisdiction to accept the stipulation of the parties, now leaving only enforceability to be tested in this appeal.

Husband raised these issues:

Is the creation of a "late fee" by a child support obligee an assessment of penalty and hence, unlawful and unenforceable?

Is the creation of a "late fee" by a child support obligee permissible where the assessment is so large/egregious as to be unconscionable?

Can a money judgment, including an amount for a "late fee" created to force payment of child support, be enforced by calling it "liquidated damages" where there is no evidence of damage?

Does a court commissioner have the authority to make conclusions of law?

In counterpoint, wife states the issues thus:

1. Should the Appellant's [husband's] Appeal be dismissed based upon the "Bright Line Rule" set forth in the case of *Connors v. Connors*, 769 P.2d 336 (Wyo.1989)?

2. Whether or not the District Court and District Court Commissioner abused their discretion in finding that the late charge stipulated to by and between the Appellant [husband] and Appellee [wife] was enforceable?

3. Whether or not a Court Commissioner has the authority to make conclusions of law?

The facts pertinent to our disposition of this case are that the parties were divorced by decree on May 27, 1982. The decree provided that husband was to pay wife $250 per month for support of their one minor child, but that provision was modified by stipulation and an order entered December 20, 1984, as follows:

8. That the Defendant [husband] shall pay to the Plaintiff [wife] the sum of $325.00 (Three hundred twenty-five) dollars per month for child support of the child until the child reaches the age of majority, marries, becomes self-supporting, or is emancipated. Said payments are to be made to the Clerk of the District Court, Laramie County, Cheyenne, Wyoming and shall be in the form of money order, certified check, or cash. The first payment shall begin on the first day of May, 1984 and like payments on the first day of each month thereafter. If the Defendant is late paying his child support payment, then a late fee charge of 10% (ten percent) per day for the first 10 days and $5.00 (five) dollars per day thereafter shall be charged on said late child support payment.

On May 29, 1985, husband filed a petition to modify the divorce decree, asking that child support be reduced to the original $250 per month and that the "penalty in paragraph 8 [quoted above] * * * be stricken as constituting an imposition of such a penalty as to be onerous and working a hardship on Defendant [husband]." Other issues, including visitation in particular, were raised in the 1985 proceeding. However, the district court declined to modify paragraph 8 of the 1984 stipulation in any way and no appeal was taken.

On July 6, 1989, wife filed a petition for order to show cause, for judgment, and to modify the divorce decree. The petition sought to compel husband to pay arrearage in his child support of $1,855, as well as other relief. That petition was dismissed with the consent of both husband and wife. On December 29, 1989, wife filed another motion asking that husband be required to satisfy unpaid child support obligations and late charges in the sum of $230,157. A hearing was held before the district court commissioner on February 26, 1990, and his report was filed with the district court on February 28, 1990. In response to the latter petition, husband claimed he was coerced into signing the late charge agreement. Based on the late charge agreement, the commissioner recommended to the district court that husband be required to pay wife $13,275, some of which was for support owed and some a late charge. The commissioner found that the amount owed

by husband for late child support, at the rate of $325 per month, was $3,575 as of February 26, 1990.

On April 13, 1990, the district court entered its judgment, based on the report of the court commissioner, and directed husband to pay $13,275 for past due child support and late charges to and including February 26, 1990,[1] and found husband in contempt for failure to pay child support. The contempt citation sentenced him to three months in the Laramie County Detention Center and provided that husband could purge himself of contempt by (a) paying $308.71 for wife's attorney's fees and costs, and (b) providing security on non-exempt property satisfactory to the district court to secure payment of child support as a guarantee of all future support obligations. In addition, husband was ordered to make all child support payments to the clerk of the district court and any payments he made directly to wife would be considered gifts. The district court also continued the child support obligation at $325 per month (husband had asked it to be modified to the original sum of $250 per month) and authorized wife to execute on the security required to be posted with the district court in the event husband was ever again late in making his child support payments. An order directing income withholding under the Income Withholding Act, W.S. 20–6–201 through 20–6–222, was also entered. Husband filed a timely notice of appeal challenging the orders of the district court.

On May 11, 1990, wife filed yet another petition seeking a finding of contempt against husband because he had failed to comply with the district court's April 13, 1990 judgment. On July 19, 1990, because of husband's delinquency, she filed a "Motion to Dismiss Appeal, or in the Alternative Motion for Order Allowing Supplemen-

tation of Record" with this court. Although the May 11th petition has not been disposed of in the district court, this court issued an order on August 7, 1990, allowing the current proceeding in the district court to be made a part of the record on appeal.[2] On the basis of the motion submitted, this court initially declined to dismiss the appeal before briefing on wife's contention that the issues raised by husband in his appeal were res judicata because they had been litigated and resolved against husband in the 1985 proceeding and he took no appeal from the judgment that was entered at that time.

■ Our present disposition of this case will be based upon *Connors*, 769 P.2d 336. In the *Connors* case, we addressed a court's power to deny summarily the demands of litigants who persist in defying the legal orders and processes of jurisdiction, including dismissal of an appeal by a litigant who continues to be in contempt of court in the proceeding from which he seeks to appeal. We declined to adopt an absolute dismissal rule, but opted instead to follow a bright line rule, i.e., where one who is charged with contempt and makes no meaningful, good faith effort to comply with the order on which the contempt citation is based, we will likely dismiss the appeal. *Id.* at 342. As articulated at length in the *Connors* case, we are dealing in this case with a citation for contempt that is considered civil in nature. *Id.* at 343–44.

The record is clear in this case, as it was in *Connors*, that husband has the financial ability to comply with the district court's order, at least to the extent that he is required to pay all arrearage in his child support obligations. Compilation of delinquent child support obligations is not without challenge on this record, since actual payments might or might not have been

1. The wife's reason for insisting on the late charge agreement was because she was required to pay late fees to her landlord for late rental payments on a basis similar to the terms incorporated in the late charge agreement. The record does not show what amount of late charges wife was ever required to pay, other than that it was "costing [her] a fortune."

2. In 1990, payments were made of $1,000 on March 2, 1990 (between the commissioner's report and entry of the judgment) and $2,000 on July 30, 1990, which we anticipate to have been attorney's fees in the amount of $308.71 and child support in the amount of $1,691.29, totalling $2,000.

paid through the clerk of the district court where a record was officially maintained.[3] Although the commissioner found in his report of February 28, 1990, an eleven month delinquency totalling $3,575, the total cannot be exactly correlated to the mathematical computation of a delinquency claimed by the wife through June 1989 of $1,855 which reflects admitted partial payments. (Her compilation would total $4,455 inclusive of $1,855 plus eight payments of $325.) Husband provides nothing of record to question either total. Accepting a delinquency of $3,575 in February 1990, there were admittedly two payments rendered, $1,000 on March 2, 1990 and $1,691.29 on July 30, 1990 ($2,000 less $308.71 attorney's fees). Added to the total of $3,575 due February 1990 are eight additional payments accrued through October providing a total amount of $6,175 to which a credit of $2,691.29 should be applied with the amount of support remaining unpaid through October 1, 1990 of $3,483.71.

Consequently, the total child support, which husband must pay in order to purge himself of contempt, is the $3,483.71 accrued through October 1, 1990, with an additional amount of $325 for November and $325 for December if payment is not earlier made. Furthermore, these payments must be made through the clerk of the district court in accordance with the rules of that agency in the form of money order, certified check or cash.[4] If husband does not choose to resolve his pending contempt status and conviction of contempt, the order of the district court from which this appeal is taken will become final and wife may proceed to enforce the entire judgment of April 13, 1990 in accordance with its terms.

The case is temporarily remanded to the district court in accord with the provisions hereof for two months from the date of publication of this opinion. If the contempt is satisfied by payment within that time and an appropriate certification is obtained from the district court reflecting payment, the retained jurisdiction will be exercised for this court's review of the substantive issue presented by the pending appeal. If total satisfaction is not made to satisfy the contempt, *Connors*, 769 P.2d 336, within two months from the date of publication of this opinion, the appeal will be dismissed.

Jurisdiction is retained and the case is remanded to the district court for further proceedings consistent with this opinion.

CARDINE, Justice, concurring in part and dissenting in part.

I concur in the opinion of the court to the extent that it affirms the trial court's finding of an arrearage of $3,575 and contempt of the husband. I agree also with remand of this case to the district court to allow the husband to purge himself of the contempt before we address the other issues he presents.

I part company with the court, however, when it undertakes to impose contempt for failure to make future payments after this appeal was taken. As an appellate court, we are confined to the record on appeal. The record is silent with respect to future payments and possible arrearages. There is no evidentiary development of ability to pay, need of the recipient, situation of the respective parties, and other pertinent considerations. We cannot consider matters on which the record is silent. *Mentock v. Mentock*, 638 P.2d 156, 160 (Wyo.1981). I dissent to the extent that the court conditions the husband's purging his contempt by requiring him to make future payments

---

**3.** Actually, based on the records of the clerk of the district court as available for any support payments due since January 1, 1985, a delinquency is shown through October 1, 1990, of about $11,950.00. Nothing is reflected for payment in 1984 after the June 1984 stipulation was made and entry of an amended decree was accomplished in December 1984.

**4.** A problem frequently encountered by wife was that husband paid child support to her with nonnegotiable checks. Normally, the office of the district court clerk only accepts cash, certified checks or money orders in order to avoid the insufficient fund problems in check collection.

which may have accrued after appeal was taken. Such an order is beyond our jurisdiction. We are not a trial court and cannot and should not attempt to function as such.