963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joyce Sewell, Manuel J. Trujillo, Russell Wayne Crandall,
Jimmie Earl Erikson, Lonnie Semon, Ricky L. Walsh,
William D. Christenson, Plaintiffs-Appellees,
v.
BLACK BUTTE COAL COMPANY, Defendant-Appellant.
 No. 91-8047.
 United States Court of Appeals, Tenth Circuit.
 May 26, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Defendant's Motion for Oral Argument is therefore denied and the case is ordered submitted on the briefs.
 
 
 2
 Plaintiffs brought this diversity action against Defendant, their former employer, following their termination during a reduction in force (RIF) necessitated by unexpected economic conditions. On cross motions for summary judgment, the district court held that Defendant's employee handbook, which contained provisions relating to the proper conduct of a RIF, see Opening Brief of Defendant-appellant Black Butte Coal Co. (Opening Brief), tab A at 27, gave rise to an implied contract under applicable Wyoming case law, see Opening Brief, tab C (Order filed January 14, 1991) at 5-8, and that the issue of its breach must be decided by the trier of fact, see id. at 8-9.[1] Ultimately, the district court entered judgment for Plaintiffs on a jury verdict in the collective amount of $305,052. Defendant appealed, raising one issue with respect to liability and two related issues on damages. For reasons discussed below, we affirm the finding of liability but reverse the compensatory damage award and remand for an award of nominal damages.
 
 
 3
 Defendant no longer disputes that its employee handbook created an implied contract under Wyoming law; nor does Defendant challenge the jury's finding that it failed to comply with the RIF provisions set out therein. Instead, Defendant restricts its position on liability to the contention that the procedure it adopted for conducting the RIF, the so called Objective Job Quotient (OJQ) rating system, itself became part of the parties' implied contract, thereby precluding any finding of breach. For purposes of our review, the asserted modification of a contract raises a question of law under clear and unambiguous circumstances, and a mixed question of law and fact otherwise. See Leithead v. American Colloid Co., 721 P.2d 1059, 1063 (Wyo.1986). Where, as here, the latter circumstance obtains, the critical issue is one of contractual intent, which, if genuinely disputed, is properly reserved to the trier of fact. See, e.g., McDonald v. Mobil Coal Producing, Inc., 789 P.2d 866, 869 (Wyo.1990), aff'd on reh'g, 820 P.2d 986, 990-91 (1991); see also Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1112 & n. 11 (10th Cir.1991) (citing Wyoming authorities for general rule that parties' intent to create contractual rights is question of fact to be decided at trial).
 
 
 4
 The primary focus of this first assignment of error is the district court's pretrial Order denying Defendant's Motion for Summary Judgment, in which the court held "that the question of ... the effect of defendant's modification of [the handbook's RIF] provisions through announcement of the expected use of the OJQ evaluation procedure ... must be reserved for the trier of fact." Opening Brief, tab C at 11-12. However, it is by now fairly well established that the denial of summary judgment on such grounds, i.e., that factual disputes warrant a trial on the merits, is not subject to review on appeal after the factfinder has found against the movant on the evidence presented at trial. See, e.g., Jarrett v. Epperly, 896 F.2d 1013, 1016 (6th Cir.1990); Locricchio v. Legal Servs. Corp., 833 F.2d 1352, 1358-59 (9th Cir.1987); Glaros v. H.H. Robertson Co., 797 F.2d 1564, 1573 n. 14 (Fed.Cir.1986), cert. dismissed, 479 U.S. 1072 (1987); see also Boyles Galvanizing & Plating Co. v. Hartford Accident & Indem. Co., 372 F.2d 310, 312 (10th Cir.1967); Holley v. Northrop Worldwide Aircraft Servs., Inc., 835 F.2d 1375, 1377-78 (11th Cir.1988).
 
 
 5
 Defendant states that it reasserted the issue at trial, see Opening Brief at 23, citing to Tr. Vol. V at 153 (App., tab 10 at 149) (defense counsel "renew[ing] my motion for a directed verdict [on other grounds, see App., tabs 8-9 at 137-48] and incorporating all the motions earlier ") (emphasis added), but we seriously question the efficacy of this obscure, overbroad, catch-all renewal of (now procedurally inapt) pretrial motions in the middle of trial. Moreover, even if its rather oblique reference to the earlier Motion for Summary Judgment were deemed sufficient to reintroduce the matter at trial as a proper challenge to the sufficiency of Plaintiffs' evidence, Defendant has, in any event, substantially failed to comply with its obligation to cite to and supply this court with the ample trial record relating to the issue of modification (compare the evidence provided by Plaintiffs, discussed infra). See Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1514 (10th Cir.1990) (absent references to record, we defer to trial court's rulings); Turnbull v. Wilcken, 893 F.2d 256, 258 (10th Cir.1990) (failure to designate transcript containing evidence relating to challenged ruling precludes reversal on appeal); see also Fed.R.App.P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence ..., the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion."); Fed.R.App.P. 28(a)(4) ("The argument [in the appellant's brief] shall contain the contentions of the appellant ..., with citations to the authorities, statutes and parts of the record relied on."). Under the circumstances, Defendant cannot establish its entitlement to appellate relief.
 
 
 6
 Furthermore, the trial record supplied by Plaintiffs fully supports the determination of the jury, which Defendant admits was properly instructed on the issue, see Opening Brief at 26-27. Ample testimony indicated that Defendant had an established procedure for amending the handbook, involving issuance of replacement pages containing amendments to employees for inclusion in their personal copies of the handbook, but that this procedure was not followed in the case of the OJQ.[2] See Appellee Supp.App. at 44-46, 98, 120-21, 143-44, 227-30; cf. Adams v. Square D. Co., 775 F.Supp. 869, 870-73 (D.S.C.1991) (modification of handbook/contract found where amendments were set out in new handbook issued to employees); Chambers v. Valley Nat'l Bank, 721 F.Supp. 1128, 1131-32 (D.Ariz.1988) (same). Defendant made no effort to apprise employees that use of the OJQ might involve a departure from the handbook RIF provisions, see Appellee Supp.App. at 59, 92-93, 227-29, and nothing in the letter announcing the use of the OJQ procedure informed employees that it constituted an amendment of, or even conflicted with, the handbook RIF provisions, see App., tab 7 at 105-06. See generally Durtsche v. American Colloid Co., 958 F.2d 1007, ----, slip op. at 7-9 (10th Cir.1992) (to be effective, employer's modification of handbook must clearly and conspicuously explain nature of change to employees). Finally, Defendant's argument that Plaintiffs affirmatively acquiesced in the use of the OJQ procedure by participating in its implementation (at their employer's direction) is undercut by trial testimony establishing that the decision to adopt the procedure in the first place was unilaterally made by Defendant and imposed upon its employees without their input or approval. See, e.g., Appellee Supp.App. at 68-69, 85, 171, 221-22. We conclude that, viewed in the light most favorable to the prevailing Plaintiffs, the record before us contains the requisite "substantial evidence" to support the jury's decision on liability. See Comcoa, Inc. v. NEC Tels., Inc., 931 F.2d 655, 663 (10th Cir.1991).
 
 
 7
 To summarize our analysis of the liability issue, Defendant's primary argument, regarding the denial of its Motion for Summary Judgment, is procedurally barred, and any challenge to the sufficiency of the evidence presented on the matter at trial, if made and preserved at all, is without merit. We therefore affirm the judgment of the district court insofar as it reflects Defendant's liability for breach of the implied contract created by the employee handbook. We turn now to the matter of damages.
 
 
 8
 Damages for breach of contract are intended to compensate the aggrieved party only "for the loss which would have been prevented by a full performance of the contract." Robert W. Anderson Housewrecking & Excavating, Inc. v. Board of Trustees, 681 P.2d 1326, 1333 (Wyo.1984). "The burden ... is upon those seeking more than mere nominal damages to prove their damages[,]" Adel v. Parkhurst, 681 P.2d 886, 892 (Wyo.1984); see also Concrete Specialties v. H.C. Smith Constr. Co., 423 F.2d 670, 671-72 (10th Cir.1970) (plaintiff has burden "of proving ... breach of the contract and of proving its damages from the breach"), and proof of breach does not, by itself, satisfy that burden, see Leet v. Joder, 295 P.2d 733, 738 (Wyo.1956). Accordingly, Defendant argues that because Plaintiffs were unable to establish that they would have retained their jobs under a proper application of the handbook's RIF provisions, they did not prove any compensable loss resulting from use of the OJQ procedure and are therefore entitled to nothing more than nominal damages. We agree.
 
 
 9
 Substantial references to, and quotations from, the trial record support Defendant's contention that none of the witnesses, including Plaintiffs' expert, could say whether use of the handbook's RIF provisions would have resulted in retention of any of the Plaintiffs. See Opening Brief at 42-46. Plaintiffs do not dispute this, but argue that once they established Defendant's breach of the handbook RIF provisions, they were entitled to compensation for their lost jobs absent disproof of such damages by Defendant. Plaintiffs' position on the burden of proof is in direct conflict with the general authorities cited above, as well as the more immediately pertinent case law cited by Defendant. See Rompf v. John O. Hammons Hotels, Inc., 685 P.2d 25, 29 (Wyo.1984) (employer entitled to judgment as matter of law because "alleged breach of this particular section [of handbook requiring evaluation of new employees within six weeks of hire] did not cause damages to the appellant," as even exemplary evaluation would not have prevented his dismissal for economic reasons); Jimenez v. Colorado Interstate Gas Co., 690 F.Supp. 977, 981 (D.Wyo.1988) (citing Rompf and rejecting implied contract claim because alleged breach of notice requirement did not damage plaintiff, who admitted he would have done nothing differently had employer given proper notice).
 
 
 10
 The only pertinent evidence adduced by Plaintiffs consisted of their predominantly satisfactory performance evaluations and apparently good records regarding safety, attendance, and punctuality. However, Plaintiffs did not present any evidence from which the jury could infer Plaintiffs' relative standing on these handbook RIF criteria vis-a-vis co-employees retained under the OJQ procedure. Thus, the jury's implicit finding that Plaintiffs lost their jobs because the handbook was disregarded in favor of the OJQ procedure entailed the sort of speculation or conjecture that Wyoming law does not allow as the basis of a damage award. See Reiman Constr. Co. v. Jerry Hiller Co., 709 P.2d 1271, 1277 (Wyo.1985). Consequently, the award of compensatory damages cannot stand.
 
 
 11
 Defendant also assigns as error the district court's refusal of its tendered instruction on nominal damages. In light of our reversal of the damage award, this last issue is moot.
 
 
 12
 The judgment of the United States District Court for the District of Wyoming is AFFIRMED in part and REVERSED in part, and the cause is REMANDED for proceedings consistent with this Order and Judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiffs initially asserted several theories of relief, but only their claim for breach of implied contract remains for our consideration. See Answer Brief of Plaintiffs-appellees (Answer Brief) at 3 n. 2; see also Opening Brief at 6 n. 3
 
 
 [2]
 Evidently, the handbook's RIF provisions were not formally amended in any way during the period in question. See, e.g., Appellee Supp.App. at 66, 87-88, 229